WHITING & WILLIAMS v. BUDD.

1. In assumpsit against A. and B. and attachment against their property, the parties were not served with process; but on the 12th day of the term, they filed a motion for the dissolution of the attachment, which prevailed. Held, that the motion was a sufficient appearance in court to authorize the same steps to be taken as though they had been duly summoned.

2. After such constructive appearance, defendants should be allowed six days to file their pleas in, or until the end of the term; and it is error for the court to give judgment by default against them on the same day of their motion, unless the court should be about to adjourn on the same day.

ERROR from the circuit court of Howard county.

*Leonard*, counsel for plaintiff in error:

For the reversal of this judgment the following points and authorities will be relied upon by the counsel for the plaintiffs in error:

1. The motion of Williams to quash the attachment and to be restored to the attached property, was not such an appearance to the suit (there having been no service upon him of the process) as warranted a judgment by default against him for want of a plea.

2. Admitting it to be such an appearance as dispensed with the service of process, nevertheless, the defendant, Williams, was entitled to the first six days of the succeeding term to plead in, and no judgment by default could be rightfully taken against him for want of a plea before the term succeeding that at which he appeared— Rev. Stat. Practice at Law, art. 3, sec. 1, 8; Hickman v. Barnes, 1 Mo. Rep. 158; Curren v. Ross & Glasgow, 2 Mo. Rep. 208.

3. The declaration was defective in not allowing a presentation of the note at the Bank of Missouri for payment—Saunders v. Bowes, 14 East, 500; Dickerson v. Bowes, 16 East, 110; Chit. on Bills, 392, last edition.

*Clark*, counsel for defendant in error:

In support of the decision of the circuit court, the defendant's counsel insists on the following points:

1. That the plaintiffs in error appearing in court and moving to quash the attachment, was a sufficient appearance for all other purposes; that they must appear to the action before the court could legally entertain their motion to dissolve. That this was the opinion of the circuit court, is manifest from its after proceedings.

2. The parties being in court after the dissolution of the attachment, the cause had to proceed as ordinary

suits, and their appearance waving any personal service of the summons, they were bound to plead as if served, and not pleading, the court did right in giving judgment against them—see Barnett v. Lynch, 3 vol. Mo. Rep. 369; Denton v. Noyes, 6 Johns. 296; Barnett v. McDanal, 3 vol. Mo. Rep. 55, in support of the preceding propositions; also, 7 Johns. 209.

3. The circuit court has power to prescribe the time and manner of pleading in attachments after appearance, as was done in this instance—see the act concerning attachments, 36th section, Digest, p. 80. The only remaining point is the refusal to arrest the judgment. It is insisted that the declaration in this cause is good, and can be sustained by authority.

McGIRK, Judge, delivered the opinion of the court.

Budd brought an action of assumpsit in the Howard circuit court against Whiting & Williams, and took an attachment with the process. Whiting was summoned, and Williams was not found at the first term. In July, 1838, one Thomas filed an interpleader; on the 12th day of the term Whiting & Williams appeared in court and moved to dissolve the attachment, which motion was sustained and the attachment dissolved. On the same 12th day, the defendants' filing no plea, on motion of the plaintiff's attorney, the court gave judgment by default against the defendants. On the 14th day the defendants moved the court to set aside the judgment by default, on the ground that it was rendered prematurely. The court refused to set this judgment aside, and this is the error complained of.

The first position assumed by Messrs. Leonard and Todd, for Whiting & Williams, the plaintiffs in error, is, that as the judgment is entire and joint against both, if there be error as to one, the judgment is erroneous as to both. This position is conceded by this court as well as by the defendant's counsel.

The plaintiffs' counsel then make in substance the following points:  1. That the motion of Williams to quash the attachment is not such appearance as would enable the court to proceed against him in chief, and enter a judgment against him for want of a plea.

In assumpsit against A. and B. and attachment against their property, the parties Before I proceed to the other points made by counsel, I will examine this point. I have not been able to learn from any book precisely what particular conduct on the part of a defendant will constitute an appearance. But

I find, however, by the books of practice, that there are such things as full appearances for the purpose of making full defence to the action, and appearances for the purpose of objecting to the jurisdiction of the court in which the party is sued.

If the defendant pleads to the action, by alleging in his plea that he comes into court when and where he ought, this admits the authority of the court over him in regard to the subject matter of the suit. But if he object to the lawful right of the court to take jurisdiction of him and his cause, then he says simply he appears, without adding the words " when and where he ought." This mode of appearance only subjects him to the consequence of an appearance for the sole purpose of objecting to the jurisdiction of the court. There can in general be no difficulty in determining how far a defendant is bound by his appearance, when his defence is to be made by a plea; for the plea must show whether the party appears to the action, or for the purpose of objecting to the jurisdiction. But it very often happens that a defendant has a lawful right to come into court and do some act in regard to the proceeding against him, which can only be done by a motion, which has none of the formal parts of a plea about it. Then it often happens that the inquiry will arise how far the defendant is to be affected by such appearance. I know of no exact test furnished by the law. But it seems to me, the best rule to go by is, to look at the nature of the act which the defendant does or attempts to do when he appears. In the case at bar the defendant's property was in the custody of the sheriff, who is the law officer of the court. There existed, also, in the court a complaint against him that he owed a debt, and that he refused to pay the same. The property taken was to be kept by the law officer as a fund out of which the debt should be paid in case the defendant established his demand. The ends and objects of the suit and the attachment were to secure the payment of the supposed demand. The defendant's funds were tied up as security, and he appeared to procure a redress for being deprived of his funds. This I consider an appearance in chief to the merits and to one portion of the substance of the suit. I cannot see how it would be right to receive him to do this, and permit him as soon as the attachment is dissolved to say he is no longer in court. When he appears to redress himself, he ought to be required to answer without departing the court to the plaintiff's demand against him. Hence, I conclude, the

SEPT. TERM, 1838.

were not served with process, but on the 12th day of the term, they filed a motion for the dissolution of th eattachment, which prevailed. Held, that the motion was a sufficient appearance in court to authorize the same steps to be taken as though they had been duly summoned.

SEPT. TERM,
1838.

Whiting & Williams v. Budd.

After such constructive appearance, defendants should be allowed six days to file their pleas in, or until the end of the term; and it is error for the court to give judgment by default to garnish them on the same day of their motion, unless the court should be about to adjourn on the same day.

defendant, after he dissolved the attachment, was still in court to answer to the plaintiff's action.

The next question is, at what time shall he be required to do this? It is admitted by the counsel on both sides, that as to the case at bar, neither the statute nor the common law has furnished a prior answer. To solve the question, both sides resort to analogy. Mr. Clark, for the defendant, insists that the judgment by default is right; that it was the duty of the plaintiff, Williams, to have pleaded instantly on his appearance to the merits of the action.

The second point made by the counsel for the plaintiff in error, assumes that the defendant had till the end of the first six days of the succeeding term to plead in, and that a judgment taken before that time against him is erroneous. To sustain this, they cite Rev. Code, title "Practice at Law," art. 3, sec. 1, 8; Hickman v. Barnes, 1 Mo. Rep. 158; 2 do. 208.

I have looked into the two cases cited from the Missouri Reports, and I cannot see that any principle they contain is much in point. The first and eighth sections of the statute cited, provide that " when process is served fifteen days before the return day, the defendant shall appear and plead before the end of the sixth day of the term," and that "if the process is served less than fifteen days before the return day, then the defendant has till the end of the sixth day of the next term to plead in." In this case the argument is, that when the defendant appeared, he is to be considered as a party having notice of the suit less than fifteen days before the return day of the process, he must have till the end of six days of the next term after his appearance. I do not see how it follows that because of his appearance he is in justice entitled to be placed in this attitude. When a defendant, who has not been served with process at all, appears, which is this man's condition, he surely, by doing so, proposes to himself some benefit which, in his opinion, is sufficiently great to justify him in waving the want of legal process being served on him. If then the defendant chose to appear for his own benefit, as he did in this case prove the instant he made his appearance, he became subject to the rule of pleading, to commence from that instant. If he had been summoned to the day he made his appearance, he would have had six days to plead in, and in this case I think he ought to have the same time, if the term should last so long; if not, then he must plead before the end of the term. In this case

the defendant had judgment against him on the day of his appearance.    This effect was not produced, because the court was about to adjourn, for that it did not do; for two days thereafter we find the court still in session, and how much longer it lasted we know not.    Then, as the defendant had no day allowed him to plead in, I am of opinion the judgment ought to be reversed, and the other judges concurring, it is reversed and remanded.