WITHERS, Appellant, v. RODGERS, Respondent.

1. Where the defendant in an attachment suit, upon whom there had been a defective service, moves to quash the return of the sheriff and the writ, it is error to dismiss the suit.

*Appeal from Vernon Circuit Court.*

*F. P. Wright,* for appellant.

I. The fact that the petition or a copy of it did not accompany the writ did not affect the validity of the writ. It was upon this ground the court quashed the writ and return, and dismissed the proceedings. In doing so, the court clearly erred.

II. The petition, affidavit and bond authorized the clerk in issuing the writ. The petition and affidavit were amended out of abundant caution by leave of the court, and before the motion

was determined. There is no objection to the form of the writ. Petitions and proceedings may be amended in attachment cases as well as in any other case. (21 Mo. 412.) And the statute allows the amendment of an affidavit. (R. C. 1845, p. 142, sec. 47, 11.) The writ being good, and as the only defect in the proceedings complained of by defendant was an insufficient service in not reading the petition as well as the writ, this omission was cured by the appearance of the defendant, and moving the court to quash the writ and return. And this appearance precluded the court from quashing the writ and return upon the sole ground as it did that the petition or a copy did not accompany the writ. (Evans v. King, 7 Mo. 411 ; Whiting & Williams v. Budd, 5 Mo. 443 ; Powers v. Browder, 13 Mo. 154.)

III. When the the petition, affidavit and bond were filed, the suit was well instituted. The power of quashing applies to the writ and process only ; a writ can not be quashed for any defect in the petition (4 Cushing. 280) ; neither can it be quashed because the petition did not accompany it.

*Gardenhire*, for respondent.

I. The writ and return were properly quashed. (R. C. p. 139.) It is true, a judgment rendered against a party who had no notice of the proceedings is utterly void. (7 Mo. p. 1; ib. 463.) Legal notice of course is meant. Surely, if the party finds it out independent of process, he may appear for the special purpose of advising the court of the want of service, without such appearance amounting to service. A waiver of defects in service by appearance is an inference—a presumption of law from the conduct of the party, and must be truthful. It arises from a *general* appearance, not from a special one, in which the party expressly declares he does not mean to waive the defect, but comes to take advantage of it. What inference—what presumption can arise from such an appearance ? What room is there for presumption ? Shall one be had against the truth ? A party may make a voluntary appearance, but this is not it. It is a matter within his control, and

he may limit it as he pleases. A party in court for one purpose is not there for all. (9 Mo. 638, 741.) You can not *force* a party to appear to the merits, except by process legally served. From a general appearance you infer his assent; but when he says he does not assent, there is no room for inference. There are full appearances and appearances not full. (5 Mo. 445.) The nature of the appearance must be looked at. (Ib. 6 Mo. 57.) Appearance *and defence* waive defects. (3 Mo. 40.)

II. Whether appellant was entitled to a new writ was not decided by the court. The point was not made. The same point, and none other, expressly decided by the court below can be reviewed here. (R. C. 1845, p. 906, sec. 32.) The point evidently was not thought of below.

RYLAND, Judge, delivered the opinion of the court.

This was a suit by attachment. The clerk issued the writ, but did not send it out attached to the petition, nor did the petition accompany the writ. The sheriff served the writ by reading it to the defendant, and also attached his property.

The defendant moved to quash the return and also to quash the writ. The plaintiff moved to amend his petition and affidavit. The court permitted the plaintiff to file his amended petition and affidavit, and then took up the defendant's motions—to quash the return and to quash the writ—and sustained both motions, and also dismissed the plaintiff's action, and ordered the property which had been attached to be restored to the defendant. The plaintiff excepted to these rulings of the court. He filed his motion to set aside the judgment dismissing his suit, and to reinstate his action; which being denied, he brings the case here by appeal.

There was no cause to dismiss the plaintiff's action in the court below. It was the duty of the clerk to endorse the summons on the petition, or annex the summons to the petition or a copy of the petition. Every summons must be accompanied by

the petition or a copy of it, and the service must be by reading the petition and writ to the defendant, or by delivering to the defendant, who shall be first summoned, a copy of the petition and writ, and to such as shall be subsequently summoned, a copy of the writ, or by leaving such copy at the usual place of abode of the defendant with some white person of his family above the age of fifteen years. There was no proper service of the writ in this case, because there had not been a copy of the petition accompanying it or the petition itself, and consequently the sheriff had not either read the petition or delivered a copy of it to defendant. Under this stage of the proceedings, the plaintiff could not have taken properly a judgment against the defendant. But after the defendant made his motion to quash the return, and to quash the writ, he was in court, and the court ought not to have dismissed the plaintiff's suit.

It might have continued the cause until the next term without requiring the defendant to plead, and required the plaintiff to furnish the defendant a copy of his petition in order that he might be prepared to plead at next term ; and had the court below stopped at the quashal of the return of the writ, and then required the plaintiff to continue his suit and have a copy of the petition served on the defendant in order that he might be prepared to plead at the next term, there would have been no just grounds of complaint. But the court did not properly dismiss the plaintiff's action. The attachment was not properly served. This court will therefore reverse the judgment of the lower court in dismissing the plaintiff's suit, remand the cause with directions to reinstate the action, and then let it proceed as an ordinary suit ; Judge Scott concurring herein.