ALBERS, *Appellant*, v. BEDELL *et al.*

1. **The petition in this case,** held, not to be in the nature of a proceeding to charge the separate property of a married woman with a debt contracted by her, but rather to be one to charge the property of the husband with his own debt.

2. **Practice :** MISJOINDER OF PARTIES. The improper joinder of a defendant in an attachment suit is no ground for dissolving the attachment.

*Appeal from Clarke Circuit Court.*—HON. B. E. TURNER, Judge.

REVERSED. ·

*Reed, King & Whiteside* for appellant.

(1) A writ of attachment can, under our statute, be issued in aid of an equitable action. *Frank v. Siegel*, 9 Mo. App. 467; 55 Iowa, 318; R. S., sec. 410. (2) A motion to dissolve was not the proper remedy. If the petition was defective, the defects could be reached only by answer or demurrer. *Reugger v. Lindenberg,* 53 Mo. 365 ; *Butler v. Lawson*, 72 Mo. 227. (3) A married woman who voluntarily makes admissions in regard to her property rights, which deceive others and induce them to give credit to her husband on the faith of the property, will be precluded from asserting her claim against the rights of said creditors who acted on her representations. 6 Wait's Actions and Defences, 692 ; *Hayner v. Crow*, 79 Mo. 293. It makes no difference who the owner of the goods was—whether it was the husband or wife. The property had been held forth to the public so as to induce credit, and credit had been given by this plaintiff on the faith of such property and the acts of said defendants.

*N. F. Givens* and *Wm. L. Berkheimer* for respondents.

(1) An attachment cannot be maintained in this case. In this state an attachment is essentially an action at law, and cannot be invoked in aid of equitable relief. Drake on Attachments (3 Ed.) p. 5, sec. 5; *Lackland v. Garsbee,* 56 Mo. 267, and cases cited; *Pratt et al. v. Scott et al.,* 19 Mo. 625; *Lee v. Tabor et al.,* 8 Mo. 322; *Wood v. Edger,* 13 Mo. 451. (2) An attachment cannot be sustained against the husband and wife for their joint debt. *Gage v. Gates,* 62 Mo. 412. (3) The motion to dissolve the attachment was proper. *Henderson v. Henderson,* 55 Mo. 534; *Graves v. McHugh,* 58 Mo. 499.; *Bray v. Marshall,* 66 Mo. 122.

BLACK, J.—This suit was commenced by attachment issued against both defendants. An amended petition was filed, and defendants filed plea in abatement to the affidavit for attachment. These issues were subsequently tried and found for plaintiff, and a judgment sustaining the attachment followed. Thereupon defendants filed a motion to dissolve the attachment, which was sustained. This action of the court appears to have been treated as a judgment against the plaintiff on the plea in abatement, from which the plaintiff appealed. The motion was sustained on the ground that the suit was one in equity to charge the separate estate of a married woman, and that no attachment could issue in such cases.

The first count of the petition states that David Bedell had for a long time carried on a retail grocery business; that the business was carried on by him under the firm name of M. J. Bedell, but it is not stated that he was in partnership with any one; that M. J. Bedell is the name of Mary J. Bedell, wife of David; that David Bedell made the note which is described,

under and by the name of M. J. Bedell, and that the same is due. The petition then proceeds to set out what is called a further cause of action for equitable relief, and in substance states at great length that the note was given for merchandise, sold by plaintiff to Bedell, and used by him in his business, and that he carried on the business in the name of his wife to deceive plaintiff, and did so deceive him, and that the other defendant knew of all this. The other two counts are on different notes, but similar in structure.

It will be seen the burden of the petition is that the debts were the debts of David Bedell, contracted by him under the name of M. J. Bedell; that the business was really his, and that the attached property was his property, though fraudulently thus kept in the name of M. J. Bedell. The petition is not in the nature of a proceeding to charge the separate property of a married woman with a debt contracted by her. It is rather a proceeding to charge the property of David Bedell with his own debt. It is not seen what good purpose the equitable matter set up will subserve, as these questions can all be tried should the rights of property be disputed by M. J. Bedell. She made no motion to quash the writ of attachment as to her, nor has she as yet pleaded to the petition. If she was improperly joined, it does not follow that the attachment should be dismissed as to David Bedell.

The judgment is reversed and cause remanded. The other judges concur.