### FLEMING *v.* SIBLEY *et al.*

BECK, J.  1. A suit was brought in the city court of Richmond county, on certain promissory notes, against the executors of a named decedent, who had been a resident of Richmond county, where his estate at the time of filing suit was being administered.  The executors filed a peti-

tion in the superior court of Richmond county, setting up that there were certain equitable defenses which could not be pleaded in the city court, and praying that the plaintiff be enjoined from prosecuting his suit in the city court, and that his claims and the issues made by the equitable defenses be determined in the superior court. The plaintiff in the suit in the city court, after having specifically answered the allegations in the equitable petition, made further answer by way of a cross-petition seeking certain affirmative relief, and praying that the two named executors be made parties to the cross-petition in their individual capacity, and that another person, who was a distributee of the estate of the decedent, also be made a party, so that personal judg-ments could be obtained on account of distributions which had been im-properly made to them from the estate of the said decedent, which was insolvent. The three persons thus sought to-be-made parties by the cross-petition were residents of the State of Alabama. They were made parties by an order containing the provision that they might show cause why they should be stricken from the suit as parties. They made a mo-tion to be stricken as parties, because of their non-residence in Georgia. Upon the hearing their motion was granted. *Held:* (*a*) The court did not err in dismissing the executors as parties defendant, in their indi-vidual capacity, to the cross-petition. (*b*) Nor in dismissing, as a party defendant to the cross-petition, the other distributee referred to. The fact that this distributee had, in connection with the prayer that she be dismissed from the case upon the ground of non-residence, prayed that the restraining order which had formerly been granted as against her be dissolved, was not such an appearance as gave the court juris-diction over her, as the dissolving of that restraining order was a neces-sary incident to her dismissal from the case.

2. All three of the persons referred to having been dismissed as parties to the case as individuals, there was no error in refusing the injunctive relief sought in the cross-petition.

*Judgment affirmed. All the Justices concur.*
August 13, 1915.

Petition for injunction. Before Judge Hammond. Richmond superior court. October 24, 1914.

*William H. Fleming,* for plaintiff.

*Callaway, Howard & West, Boykin Wright,* and *Irvin Alex-ander,* for defendants.