STATE OF MISSOURI at the relation of AUCHINCLOSS, PARKER & REDPATH, INC., a Corporation, and COLUMBIA AIRCRAFT CORPORATION, a Corporation, Relators, v. BROWN HARRIS, Judge of the Sixteenth Judicial Circuit of the State of Missouri, and as such Judge of Division 4 of the Circuit Court of Jackson County.—159 S. W. (2d) 799.

Division Two, March 13, 1942.

*Howell, Jacobs & Howell* and *Scott R. Timmons* for relators.

*William G. Boatright, Ryland, Stinson, Mag & Thomson, Roy B. Thomson* and *Robert E. Rosenwald* for respondent.

194

■■■■

ELLISON, J.—Prohibition to respondent, Hon. Brown Harris, Judge of the circuit court of Jackson County, Division 4, to prevent him from exercising jurisdiction over a cause there pending entitled Aviation Manufacturing Corporation, plaintiff, v. Auchincloss, Parker & Redpath, Inc.; Porterfield Aircraft Corporation; and Columbia Aircraft Corporation, defendants. For brevity the plaintiff in said cause below will be referred to as the Aviation Co.; and the three defendants, respectively, as the Auchincloss Co., The Porterfield Co., and the Columbia Co. All four litigants are Delaware corporations, and the first and third defendants are the relators here. The action is in the nature of a creditor's bill, a class suit in equity, brought by the plaintiff Aviation Co. as a judgment creditor of the Porterfield Co. in the amount of about $11,600. On the filing here of relators' petition for prohibition our provisional rule was issued, and respondent filed return raising only issues of law. Relators moved for judgment on the pleadings. This confines the proceeding to the legal questions raised by those pleadings, stripped of issues of fact.

The facts stated in the pleadings here with reference to the suit below may be condensed to the following. It was alleged in the petition in that suit that the plaintiff is a judgment creditor and has no adequate remedy at law; and that the judgment debtor Porterfield Co. is insolvent, and execution against it would be unavailing and in-effective. It was further alleged that the Porterfield Co. had executed to the defendant-relator Auchincloss Co. a note and purported but

void chattel mortgage on certain of its personalty in Kansas City; and that the Auchincloss Co. agreed to acquire all the property and business of the Porterfield Co. and to pay all its creditors. Title thereto was obtained by a purported foreclosure of said chattel mortgage, reinforced by a bill of sale covering said encumbered and all remaining property, said title being placed in the name of the Columbia Co., a corporation organized for that purpose; so that the latter became the purported successor of the Porterfield Co. in its business and ownership of said property. As a consideration the Auchincloss Co. received 250,000 shares of the capital stock of the Columbia Co., and in equity stood seized of all said property as a trust fund for the benefit of the creditors of the Porterfield Co. The Auchincloss Co. furthermore owed the Porterfield Co. $25,000 for capital stock purchased; and also held the note of the Columbia Co. for $4,000, secured by a chattel mortgage on a large part of the aforesaid property.

In the bill the plaintiff Aviation Co. prayed judgment for its said judgment debt of $11,600; that all assets of the Porterfield Co. in the possession or control of the defendants be impressed with a trust for the benefit of the plaintiff; that pending final determination of the suit the defendants be enjoined and restrained from selling or removing any of said assets from Jackson County, Missouri; and for general relief.

On the plaintiff's affidavit in attachment alleging that the defendant-relator Auchincloss Co. was a nonresident of the state and that its chief office and place of business was outside the state, a writ of attachment was issued against the Auchincloss Co., and in aid thereof the Commerce Trust Co. and the defendant-relator Columbia Co. were garnisheed for all personal property and debts severally owed by them to the Auchincloss Co., specifically including all shares of stock held by the latter in the Columbia Co., but not specifically mentioning the Columbia Co.'s $4,000 note indebtedness to the Auchincloss Co. The writ of attachment was not served on the Auchincloss Co., since it was a nonresident and therefore out of reach of personal process; and no effort was made to attach said $25,000 indebtedness which it allegedly owed the judgment debtor, Porterfield Co. Respondent also entered an order to show cause why a temporary restraining order should not issue, which was served on the Porterfield Co. and the Columbia Co., but not on the Auchincloss Co.

The Auchincloss Co., appearing specially, filed a plea to the jurisdiction and motion to quash the writ of attachment; also a plea to the jurisdiction against the order to show cause. The defendant-relator Columbia Co. moved to quash the garnishment and service thereof, including the interrogatories filed. The respondent judge overruled the Auchincloss Co.'s said plea to the jurisdiction against the attachment on the ground that by filing the same it had entered its general

appearance. But as to the corporate stock of the Columbia Co. garnisheed as the property of the Auchincloss Co., the motion to quash the attachment was sustained. The Auchincloss Co.'s plea challenging respondent's jurisdiction to issue the show cause order was overruled. The Columbia Co.'s motion to quash said garnishment was overruled, except as to its said corporate stock. Otherwise it was ordered to answer the interrogatories in three days, and within the same time the Auchincloss Co. was required to plead, the attachment theretofore issued to be dissolved upon the filing of answer to the merits. The Auchincloss Co. did not plead over but brought this prohibition proceeding. The return of the respondent judge to our provisional rule in prohibition alleges that the Commerce Trust Co., garnishee, answered stating it held funds belonging to the Auchincloss Co.; and that the relator Columbia Co. filed answer to the merits.

The grounds assigned in the Auchincloss Co.'s plea to the jurisdiction and motion to quash the attachment were: that the plaintiff Aviation Co.'s petition and affidavit for attachment alleged both the defendant-relators, Auchincloss Co. and Columbia Co., were non-residents; that our attachment statutes do not authorize one foreign corporation to be attached for shares of stock it owns in another; that consequently the respondent judge had no jurisdiction to issue the attachment. This ground is repeated in relators' petition for prohibition here; but need not be considered in this opinion since respondent upheld relators on that contention and does not base his claim to jurisdiction on it now. Relators said nothing in their motion to quash the attachment below, and are silent in their petition for prohibition and brief here, about the garnishment of the $4,000 note indebtedness allegedly due from the Columbia Co. to the Auchincloss Co., and the funds held by the Commerce Trust Co. But they do add in their petition another sweeping ground, to-wit, that the creditors' bill below was purely a suit in equity; and that attachment and garnishment were not available remedies therein because they can be invoked only in actions at law.

 Respondent's counsel say in the Statement in their brief that this question was not raised below "in any pleading filed in the proceeding." But there is nothing to indicate the result would have been different if the question had been raised; for the respondent judge does not ask that it be disregarded, but stands on his rulings and briefs the question here. In that situation the omission to raise the question in the trial court is not necessarily fatal. [State ex rel. Moberly v. Sevier, 337 Mo. 1174, 1179(3), 88 S. W. (2d) 154, 157(5); State ex rel. Mo. Pac. Ry. Co. v. Williams, 221 Mo. 227, 247, 120 S. W. 740, 744(1).] We shall consider the assignment, particularly because it enters into another ruling the respondent did make, namely, that by filing the plea to the jurisdiction and motion to quash the attachment relators entered their general appearance.

Taking up first the question whether attachment and garnishment will lie in an equity suit. Respondent's brief concedes the creditor's suit below was a proceeding in equity, but denies that attachment and garnishment are unavailable in *any* equity case; and to the contrary affirms that where the proceeding seeks a *personal* judgment and the enforcement of an equitable lien on the property of a judgment debtor in the hands of a third party defendant, attachment and garnishment will lie. He says the creditor's bill below did that. The cases referred to on this question cited in the margin.[1] But they are not in point: no attachment was issued in any one of them. And the Thompson, Smith (4th cited) and Ingram cases were actions at law. The Thompson and Smith cases refer to a doctrine that where one corporation goes out of existence by being annexed to or merged in another, the latter succeeds to all the property and *liabilities* of the former unless provision is made for the payment otherwise of those liabilities. In the Smith case there was a statute so providing. The other cases indicate or decide that the successor corporation is liable only to the extent of the *property* taken over. In the Barrie case the bill alleged (as here) that the successor corporation had *agreed* to pay the debts of its predecessors, and yet the opinion held the bill was only to *reach assets*. [138 Mo. App. l. c. 640, 119 S. W. l. c. 1051d.]

No cases are cited in 8 West's Mo. Dig., ''Creditor's Suits,'' sec. 51, p. 743, touching the character of judgment or decree which should be entered in a creditors' suit. The general rule seems to be that when the suit is brought to reach assets in the hands of third persons, the decree will not go beyond those assets; and a personal judgment will not be rendered except in a substitutionary way, or in enforcement of its decree (as by requiring the execution of an assignment or conveyance of the property), or where the defendant has consumed or appropriated the property. [See 15 C. J., sec. 163, p. 1433; 21 C. J. S., sec. 75d, p. 1130; Boyd v. N. P. Ry. Co., 170 Fed. 779, 794.] Relators further suggest in their brief it is and always has been well settled in Missouri that a third person can sue at law on a contract made for his benefit (7 West's Mo. Dig. ''Contracts,'' sec. 187, pp. 532-7); and hence the plaintiff Aviation Co. had an adequate remedy at law if it desired to sue the Auchincloss Co. on the latter's alleged contract of assumption of the debts of the Porterfield Co.; but in such

---

[1] Thompson v. Abbott, 61 Mo. 176;
Jackson v. St. L. & H. Rd. Co., 304 Mo. 319, 263 S. W. 230;
Ingram v. Prairie Block Coal Co., 319 Mo. 644, 5 S. W. (2d) 413, 416(3);
State ex rel. School Dist. v. Smith, 343 Mo. 288, 121 S. W. (2d) 160;
Buckley v. Maupin, 344 Mo. 193, 125 S. W. (2d) 820;
Berthold v. Holladay-Klotz Land & Lbr. Co., 91 Mo. App. 233;
Barrie v. United Rys. Co., 138 Mo. App. 557, 640, 119 S. W. 1020;
Kinsella v. Marquette-Easton Finance Co. (Mo. App.), 28 S. W. (2d) 427.

case the defendant would be entitled to a jury trial, and if not within the reach of personal process the action could only be in rem.

We believe relators are right on these propositions but need not go into them further, because the whole matter is disposed of if relator's contention be correct that attachment and garnishment will not lie in aid of an equity suit. Respondent argues to the contrary, citing Sec. 1438, R. S. 1939, Sec. 1274, Mo. Stat. Ann., p. 1487, which provides that (italics ours): "the plaintiff ·in *any civil action* may have an attachment against the property of the defendant. . . . Where the defendant is not a resident of this state (or). . . . Where the defendant is a corporation, whose chief office or place of business is out of this state;" both of which facts were alleged in the affidavit in attachment in the proceeding below.

Respondent points out that ever since 1855 the statute has used the broad phrase "in any civil action," this being only six years after the adoption of our civil code in 1849, which abolished "the distinction between . . . actions at law and suits in equity" (Laws Mo. 1848-9, sec. 1, p. 73) and provided that there shall be "but one form of action for the enforcement or protection of private rights, and redress or prevention of private wrongs, which shall be denominated a civil action." This latter provision has been retained ever since (Sec. 847, R. S. 1939, Sec. 696, Mo. Stat. Ann., p. 898) though it is worthy of note that the preceding provision abolishing the distinction between actions at law and suits in equity was dropped in the first revision after the code was adopted, R. S. 1855, p. 1216, sec. 1. At any rate respondent contends that the expression "any civil action" in the attachment statute includes suits in equity,· because they are, as Sec. 847 of the Code provides, civil actions.

The history of the attachment statute lends color to that argument. When the chapter on Attachments was thoroughly revised in 1855, the section which is now Sec. 1438 (R. S. 1855, sec. 1, p. 238), provided: "In any court having competent jurisdiction, *other than justices' courts,*[1] the plaintiff in any civil action, *founded upon contract, or upon wrongs done to personal or real property,*[2] *where the sum demanded, or damages claimed, amounts to fifty dollars*"[3]—and from there on it read as it does now, so far as concerns the parts pertinent to the present discussion. The italicised phrase which we have supermarked 2 was stricken out by Laws Mo. 1864-5, p. 10; and the italicised phrases supermarked 1 and 3 were omitted by the revision of 1865, G. S. 1865, p. 561, sec. 1, thereby reducing it to its present form and eliminating the phrases which had restricted and qualified the expression "any civil action."

But it has never been considered that the statute applies to suits in equity. This has been held many times as shown by the cases cited

in the margin.* . . . None of these discusses the question exhaustively. All apparently go back to the universally accepted doctrine of the Lackland case, decided in 1874, that while the Code abolished all distinctions in the forms of actions yet the line of demarcation between equity and law cases has been preserved so far as concerns the substance and remedy. And there are also inherent indications in the Article on Attachments that it contemplates legal actions on money demands and a jury trial of the issues. Thus Sec. 1443, R. S. 1939, sec. 1279, Mo. Stat. Ann., p. 1496, requires the affidavit in attachment to state the amount which the affiant believes he should recover, and the next section requires the giving of a bond for double that amount. If the attachment be on the ground that the defendant has conveyed his property in fraud of creditors, Sec. 1488, R. S. 1939, sec. 1324, Mo. Stat. Ann., p. 1527, in some instances permits the plaintiff to bring a *separate* action in equity to set the same aside, Brown v. McKown, 265 Mo. 320, 335, 176 S. W. 1043, 1047. And where a plea in abatement or interplea is filed under Secs. 1479 or 1489, R. S. 1939, secs. 1315, 1325, Mo. Stat. Ann., pp. 1519, 1527, the issues are tried to a jury. [See cases cited in 4 West's Mo. Dig., "Attachment," sec. 256, p. 240, sec. 258, p. 241, sec. 310, p. 255.]

Respondent's brief asserts the Lackland case, supra, and all the decisions that follow it are wrong. But in view of the fact that this court has held otherwise for nearly 70 years and the General Assembly has been content to let our construction of the statute stand, we are unwilling to overturn the settled rule. We are aware that a contrary view is taken in some other jurisdictions, but in most of these the statutes are different.

The next assignment to be considered is whether the relator Auchincloss Co. entered its general appearance by appearing specially and filing its plea to the jurisdiction and motion to quash the attachment—as respondent ruled below. In approaching it these facts should be kept in mind. The plea and motion merely challenged the trial court's jurisdiction over the *subject matter of the attachment* in the

---

*Lackland v. Garesche, 56 Mo. 267, 270;
 Sheedy v. Second Natl. Bank, 62 Mo. 17, 25;
 Gage v. Gates, 62 Mo. 412, 417;
 Albers v. Bedell, 87 Mo. 183;
 City of St. Louis v. O'Neil Lbr. Co., 114 Mo. 74, 83, et seq.; 21 S. W. 484, 487;
 State ex rel. McIndoe v. Blair, 238 Mo. 132, 154, 142 S. W. 326, 332(2);
 Nacy v. LePage, 341 Mo. 1039, 1041, 111 S. W. (2d) 25, 26(3);
 Beyer v. Continental Trust Co., 63 Mo. App. 521, 526;
 Brumback v. Weinstein, 37 Mo. App. 520, 526;
 Bachman v. Lewis, 27 Mo. App. 81, 89;
 Atwood v. Hale, 17 Mo. App. 81, 88;
 Thompson v. Terminal Shares Co., 14 Fed. Supp. 459, 460, 89 Fed. (2d) 652;
 German v. Univ. Oil Products Co., 6 Fed. Supp. 53, 54;
 Lafkowitz v. Jackson (8 C. C. A.), 13 Fed. (2d) 370;
 4 Am. Jur., sec. 122, p. 630; 6 C. J., sec. 6, p. 32; 7 C. J. S., sec. 8b, p. 194;
 Drake on Attachment (7 Ed.), sec. 49.

particular case, and presented only a legal question arising on the face of the record. They did not mingle questions bearing on the merits of the main case, and did not controvert the court's jurisdiction over relator's person. No such jurisdiction had been exercised or asserted. The affidavit for attachment previously filed had .alleged the relator was a nonresident without a chief office or place of business in the state, thereby conceding, in effect, that it was inaccessible to personal service. The relator had not been served with process of any kind and has not pleaded over by answer. The new question raised here (whether attachment lies in equity cases) also is purely legal and founded on the face of the record.

It is the general rule that where a litigant appears before a court to challenge its jurisdiction over the subject matter he thereby confesses the court's jurisdiction over his person. [3 Am. Jur., secs. 3, 10, pp. 783, 787; 4 C. J., secs. 3, 5, pp. 1316, 1318; 6 C. J. S., secs. 1a, 13, pp. 5, 42.] And so we would say here—that the relator Auchincloss Co. by filing its plea and motion to quash the attachment would be personally bound by the relator's ruling *on the attachment*. But respondent *sustained* the motion to quash on the only issue raised by it (invalidity of attaching the corporate stock of the Columbia Co.) and then held the relator by filing the plea and motion had made a general appearance to the merits *in the main case*.

Of the decisions cited by respondent the one nearest in point on this specific question, it seems to us, is Wayne Mfg. Co. v. Challenge Co. (St. L. Ct. App.), 280 S. W. 448, 451. It was an action on account, instituted before a Justice of the Peace by attachment on the ground of nonresidence. The defendant controverted that fact by plea in abatement and prevailed, but in the circuit court the plaintiff won. The defendant contended in the Court of Appeals that since the Justice had ruled the plea in abatement in its favor by deciding it was *not* a nonresident, he was concluded from making an order for service by publication on the contrary theory; and since there had been no personal service, he was bereft of jurisdiction altogether, as was the circuit court on appeal from the Justice because its jurisdiction was derivative. The plaintiff argued the defendant had entered its general appearance by filing the plea in abatement. The Court of Appeals ruled that by filing the plea before service had been obtained upon it, the defendant entered its appearance on the merits "at least in case of the sustension of the attachment," (which the circuit court had done on appeal). We do not understand this decision to mean the defendant entered its *personal* appearance to the merits by pleading in abatement; but only that it did so for the purposes of the plea—in other words, on the merits of the *attachment* so that when the same was sustained the judgment was valid in rem.

Under our statutes, and generally elsewhere, the remedies of attachment, and garnishment in aid thereof, are purely ancillary to the main suit, and have nothing to do with the merits. They are summary, anticipatory methods of impounding the defendant's assets and collecting the judgment against him *if* one is obtained on the merits. [6 C. J., sec. 8, p. 34; 7 C. J. S., secs. 2a, 2, p. 188, sec. 2b, p. 189; 4 Am. Jur., secs. 1, 3, 4, 6, pp. 552-3, 555.] They may be invoked although the court has no jurisdiction over the person of the defendant (where the proceeding is in rem and based upon constructive service); or·may not be available even though the court has such jurisdiction (if none of the statutory grounds for attachment exist). When the attachment and construction service are both based on the ground of nonresidence, that fact is determinative of both the validity of the attachment and the nature of the action (as one in rem or in personam). But the fact that the defendant has challenged the attachment will not enter his general appearance.

Under Secs. 1478, 1479, R. S. 1939, Secs. 1314, 1315, Mo. Stat. Ann., pp. 1518, 1519, a defendant may file a plea in abatement controverting the grounds for attachment alleged in the affidavit, and if upon a trial the issue be determined against him, he may make up his record for the appellate court. Then the statute says: "and answering to the merits shall not be a waiver of such exceptions, and the cause shall proceed to trial upon the merits." Obviously this contemplates that the defendant's mere appearance on the plea in abatement has not been general. And if he can do that where the facts are disputed, certainly he can with the same immunity challenge the attachment by motion when the facts are not disputed, but appear on the face of the record (as was done here). Similarly, a defendant may challenge the jurisdiction of a court over his *person* by motion for reasons appearing on the face of the record. And if the ruling thereon be adverse, it is held he must withdraw from further proceedings; otherwise the question will be waived. [Mertens v. McMahon, 334 Mo. 175, 66 S. W. (2d) 127, 93 A. L. R. 1285.] This necessarily means his appearance up to that point has not been general. Under the same decision ▮▮▮ if his attack on the personal jurisdiction is not purely legal but based on issues of fact not shown by the record, he may even make it in his answer along with pleas to the merits without waiving the question, perforce Sec. 926, R. S. 1939, Sec. 774, Mo. Stat. Ann., p. 1010.

In addition to the Wayne case, supra, relator has cited eight other Missouri decisions.[1] But they are classed by texts and annotators

---

[1] Whiting v. Budd, 5 Mo. 443, 445; Evans v. King, 7 Mo. 411; Withers v. Rogers, 24 Mo. 340; Smith v. Rollins, 25 Mo. 408; Newcomb v. N. Y. C. & H. R. Rd. Co., 182 Mo. 687, 81 S. W. 1069; State ex rel. Pac. Mut. Ins. Co. v. Grimm, 239 Mo. 135, 143 S. W. 135; Hill v. Barton, 194 Mo. App. 325, 188 S. W. 1105; Case v. Smith, 215 Mo. App. 621, 629-30, 257 S. W. 148, 151(8).

as following the minority rule in this country. [55 A. L. R., pp. 1121, 1126, and 129 A. L. R., pp. 1240, 1248; 6 C. J., sec. 1128, p. 477; 7 C. J. S., sec. 491a, p. 646; 4 C. J., sec. 38, p. 1348; 6 C. J. S., secs. 12m, 13, pp. 39, 42; 3 Am. Jur., sec. 27, p. 798.]

The Whiting case, first cited by respondent sustains him, and is followed in the Evans, Withers and Smith cases. But we think they have been overruled; and would be unable to follow them if they had not been. In the Whiting case one of two joint defendants had not been served with process and moved to dissolve the attachment on grounds not shown by the opinion. (The original record on file in this court discloses they were insufficiency of the plaintiff's attachment affidavit and bond.) The motion was sustained and the attachment dissolved. But no answer having been filed, the court entered judgment by default against the defendants and a motion to set this aside was overruled. This court held (quoting substantially): "One of the objects of the suit and attachment was to secure payment of the supposed demand; and when the defendant appeared to procure redress from being deprived of his funds it constituted an appearance in chief to the merits and to one portion of the substance of the suits."

That reasoning would convert *any* appearance into a general appearance, if it were in any wise opposed to the general objective of recovering in the action. Evidently disinclined to stand on that interpretation of the Whiting opinion the Springfield Court of Appeals in Currey v. Trinity Zinc, L. & S. Co., 157 Mo. App. 423, 430, 139 S. W. 212, 213, surmised the defendant in the Whiting case was proceeding under R. S. 1835, sec. 37, p. 80, now Sec. 1485, R. S. 1939, Sec. 1321, Mo. Stat. Ann., p. 1524, which provides an attachment may be dissolved if the defendant give bond to the plaintiff and *appear and plead to the action,* which, of course would be a general appearance. But the original record in the Whiting case on file here does not bear out that deduction. As we have already stated, the record shows the defendant was attacking the attachment bond the plaintiff had filed; not seeking to give one to him.

However, in decisions shortly following the Whiting case a conclusion was reached differing from that stated in its language quoted above. Thus, in Schell v. Leland, 45 Mo. 289 (not by attachment), the defendant appeared specially and moved in arrest of judgment on the ground that the judgment had been rendered on a void order of publication. The plaintiff argued this constituted a general appearance; but this court ruled to the contrary, saying the defendant's special appearance for the purpose stated "constituted no waiver of any valid objection which he had to the defective process and service; for a party who is in court for one purpose, is not necessarily in court for any other purpose." And in Brackett v. Brackett, 61 Mo. 221, a suit by attachment on a money demand, the defendant filed a plea

in abatement to the attachment, on which he prevailed, and made no further appearance; but judgment by default was rendered against him. Held: since the facts stated in the plea in abatement were substantiated by the record, an execution on the judgment should be quashed.

In Abernathy v. Moore, 83 Mo. 65, 70, the defendant by plea in abatement had successfully contested the grounds of attachment alleged in the affidavit. This court held that when the plaintiff fails to obtain personal service on the defendant in an attachment suit, but does obtain constructive service, the action ceases to be in personam and becomes one in rem. The opinion continued (parentheses and italics ours): "The same result follows in some states, when the debtor not having been personally served, appears only to try the issue raised by the affidavit and plea in abatement; *his appearance to such issue* *not being regarded as an appearance to the summons,* (Citing cases from other states and the Brackett case, supra.) *Formerly otherwise in Missouri* (citing the Whiting and Evans cases.)" This was a clear overruling of those cases on that point.

In the Hill case, supra, against a nonresident executrix by attachment and garnishment, the plaintiff had filed an amended petition joining the *garnishee* as a party *defendant* and praying an accounting, after the latter had answered interrogatories admitting possession of certain funds but refusing to surrender them because third parties claimed an interest therein. The defendant executrix appeared specially and moved to quash the attachment, alleging her nonresidence and detailing facts concerning the ownership of said funds and the Missouri court's lack of jurisdiction thereover. In so doing she joined issue on the facts alleged in the amended petition. The Kansas City Court of Appeals held this constituted a general appearance because *she had pleaded to the merits* on matters affecting jurisdiction over the *subject matter*; and also because the lack of jurisdiction over her person asserted in her motion to dismiss was not *"under the law"* but for want of *"service summons."* This second, obscure reason was credited to Thomasson v. Mercantile Town Ins. Co., 217 Mo. 485, 116 S. W. 1092, which latter decision was explained in the recent Mertens case, supra, as meaning that a motion to dismiss must be founded on record facts and raise only legal questions, whereas if the lack of jurisdiction be based on facts dehors the record it should be pleaded by answer or plea in abatement, and cannot be asserted by motion. At any rate nothing ruled in the Hill case is applicable to the facts in the instant prohibition proceeding.

We need not discuss the other decisions cited by respondent. The Newcomb and Pacific Mutual cases were not in attachment and are reviewed in the Mertens case, supra. Case v. Smith, supra, was an attachment suit, but in it a motion to set aside a default judgment clearly struck at the merits and was correctly held to enter the de-

fendant's appearance to the merits on a retrial. Our conclusion and holding are that the relator Auchincloss Co. did not enter its general appearance by filing its plea to the jurisdiction and motion to quash the attachment.

■ There is only one other question that could possibly affect the relator Auchincloss Co. Did it enter a general appearance by appearing specially and filing a plea challenging the respondent's jurisdiction to issue an injunction against it, on the ground that the petition and affidavit in attachment showed it was a nonresident, and the record showed no constructive service had been sought or obtained. The plaintiff's petition further showed the injunction sought would have restrained all the defendants, including the Auchincloss Co., from transferring, selling, encumbering or removing any of the property of the Porterfield Co. and the Columbia Co. from Jackson County. This was also the property sought to be attached in the plaintiff Aviation Co.'s creditors' suit, as an action in rem. The relator's motion to quash the attachment struck at the attachment of the property; the other plea challenged the court's jurisdiction to interfere with it by injunction.

Respondent did not hold below that the interposition of this latter plea entered the general appearance of the Auchincloss Co. And while close distinctions must be made, the weight of authority appears to be that it did not. In Bitter v. Gold Creek Mining Co., 225 Wis. 55, 273 N. W. 509, 111 A. L. R. 921, 932, annotation, the holding was that where a defendant appeared specially to challenge the jurisdiction over his person, because of defective process; and also sought an injunction restraining a statutory "adverse examination" of himself pending the determination of the question of service, until the further order of the court—on these facts it was ruled he did not enter a general appearance. Note, the moving defendant asked the injunction. The court said this could be done since it was merely incidental to the other relief, consistent with the quashal of the process, and involved no showing of other facts. Fleming v. Sibley, 144 Ga. 35, 85 S. E. 999, held a defendant could move to dismiss the action against her because she was a nonresident, and also seek the dissolution of a restraining order previously issued against her, without entering a general appearance. So also a motion to quash service and to set aside service of restraining order and show cause order were joined without any such consequence in Grable v. Killits, 282 Fed. 185. We so rule here.

■ ■ But we think the relator Columbia Co. has entered a general appearance. It was both a garnishee and a defendant. It filed a motion before respondent to quash the garnishment and interrogatories charging no personal judgment could be rendered because the plaintiff's action was a creditors' suit; that the garnishment did not seek to levy upon assets of the judgment debtor, but those of a third

party, the Auchincloss Co.; and that this could not be done in a creditors' suit. All these were questions of law arising on the face of the record. Under the Mertens case, supra, they could not be (and were not) pleaded in the Columbia Co.'s answer. When it filed answer to the merits before process of any kind had been served on it, it entered a general appearance.

Accordingly our provisional rule in prohibition is made absolute as to the relator Auchincloss, Parker & Redpath, Inc.; and is discharged as to the relator Columbia Aircraft Corporation. All concur.