### RAIFORD v. HOUSE et al.
### No. 1166.

United States District Court
W. D. Missouri, S. D.

Dec. 8, 1953.

Neale, Newman, Bradshaw, Freeman & Neale, Springfield, Mo., for plaintiff.

James H. Keet, Jr., Springfield, Mo., for defendant.

Bert E. Strubinger, St. Louis, Mo., Wm. C. Cockrill, Edwin C. Haseltine, Springfield, Mo., for garnishee.

REEVES, Chief Judge.

The only question for decision in this case is whether the plaintiff, as judgment creditor, has a right to summon Preferred Risk Mutual Insurance Company, a corporation, a nonresident insurance company, as garnishee.

Upon a judgment heretofore obtained in this court by the plaintiff, who is a resident of Texas, against John R. House, Jr., an execution was issued to satisfy said judgment and in pursuance thereof the garnishee above named was summoned as a garnishee.

Such garnishee is a corporation of the State of Iowa but is authorized to do business in the State of Missouri and heretofore issued a policy or contract of insurance to the defendant, or judgment-debtor, John House, Jr. The said defendant was then and is now a resident of Missouri.

The motion to quash service is based upon the averment:

"That Preferred Risk Mutual Insurance Company was not and is not subject to *suit* (emphasis mine) by this plaintiff on the policy of insurance No. 31009 referred to in said Summons to Garnishee through purported service on the Superintendent of the Insurance Department at Jefferson City, Missouri; * * *."

An examination of the Missouri Statutes reveals that garnishment notice may be served "on insurance companies not incorporated by or organized under the laws of this state, by delivering same, or a copy thereof, to the superintendent of the insurance department." Section 525.050 RSMo 1949, V.A.M.S.

8. Cf. Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Rice Growers Ass'n v. Rederiaktiebolaget Frode, 9 Cir., 171 F.2d 662.

1. While it is not necessary to cite Section 375.210 RSMo 1949, V.A. M.S., in relation to the service of process on nonresident insurance companies yet it is there specifically provided that:

"* * * in all actions brought by nonresidents of this state on a cause of action, other than an action on a policy of insurance, which arises out of business transacted, acts done, or contracts made in this state. * * *"

Quite definitely the garnishee, when it entered the state, agreed that service of process might be made as above specified.

2. However, the courts are not concerned with the last-quoted provision for the reason that under the Missouri statutes, and especially section 525.010:

"All persons shall be subject to garnishment, on * * * execution, who are named as garnishees in the writ, or have in their possession goods, moneys or effects of the defendant not actually seized by the officer, and all debtors of the defendant, and such others as the plaintiff or his attorney shall direct to be summoned as garnishees."

Adverting to the decisions of the Missouri State courts on the subject of garnishment: The case of State ex rel. Auchincloss, Parker & Redpath v. Harris, 349 Mo. 190, 159 S.W.2d 799, loc.cit. 805, is apposite.

The court said in reference to garnishments:

*"They may be invoked although the court has no jurisdiction over the person of the defendant."* (Emphasis mine.)

Before that, on the same page, the court said:

"Under our statutes, and generally elsewhere, the remedies of attachment, and garnishment in aid thereof, are purely ancillary to the main suit, and have nothing to do with the merits."

This opinion was followed by the St. Louis Court of Appeals in Smith v. Bankers Life Ins. Co. of Nebraska, Mo.App., 170 S.W.2d 111, loc.cit. 114, where the court said:

"* * * a garnishment proceeding, whatever the purpose to be served, is only ancillary to the principal action and can never exist as a separate and independent suit."

It would follow from the foregoing that the plaintiff had a right to summon the named garnishee as such and to determine upon a hearing whether it has in its "possession goods, moneys or effects of the defendant."

The motion to quash service should be overruled and it will be so ordered.