**In re GATEWAY CENTER BUILDING INVESTORS, LTD., Debtor.**

**GATEWAY CENTER BUILDING INVESTORS, LTD., Plaintiff,**

v.

**PARIC CORPORATION, Defendant.**

Bankruptcy No. 87–03545–BSS.
Adv. No. 88–0013–BSS.

United States Bankruptcy Court,
E.D. Missouri, E.D.

March 7, 1988.

———

Theodore Ponfil, Jerome I. Kaskowitz, St. Louis, Mo., for debtor.

Jason M. Rugo, Thomas P. Hohenstein, Clayton, Mo., for Paric Corp.

———

1. Cause No. 872–02143.

## MEMORANDUM OPINION

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

This matter is before the Court upon the Motion for Summary Judgment filed by Paric Corporation (hereinafter "Paric"). Paric filed suit against Gateway Center Building Investors, Ltd. (hereinafter "Gateway Ltd.") and Gateway Center, Inc. (hereinafter "Gateway Inc.") in the Circuit Court of the City of St. Louis. On the same day it filed suit, Paric sought and obtained from the Circuit Court an Order for the issuance of a prejudgment writ of attachment (hereinafter "Attachment") upon real estate owned by Gateway Ltd. The next day, the Sheriff of the City of St. Louis levied upon the real property. Subsequently, Gateway Ltd. filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. Gateway Ltd. brought this adversary action against Paric to dissolve the Attachment alleging that Paric was not eligible under Missouri law for the Attachment when it obtained the same. On February 11, 1988, Paric filed its Motion For Summary Judgment asserting that the Attachment and levy were properly obtained and that there is no genuine issue as to any material fact regarding the validity and enforcement of its writ of attachment and, that as a matter of law, it was entitled to judgment.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151 and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(K). The parties have stipulated that this is a core proceeding under Bankruptcy Rule 7012(b).

### FACTS

Paric, a Missouri corporation, filed suit[1] on July 13, 1987, against Gateway Ltd. and Gateway Inc. based upon allegations of

breach of contract and quantum meruit, seeking recovery of $1,264,729.90 plus interest. On the same day, Paric requested issuance of a prejudgment writ of attachment from the Honorable Brendan Ryan, Circuit Judge of the City of St. Louis. Judge Ryan issued the writ and on the next day, July 14, 1987, the Sheriff of the City of St. Louis executed the writ by filing the same with the Recorder of Deeds of the City of St. Louis. The Sheriff levied upon Gateway Ltd.'s interest in real estate located at 1015 Locust Street in the City of St. Louis.

Gateway Ltd. is a Georgia Limited Partnership[2] while Gateway Inc. is a Delaware corporation[3] and the sole general partner of Gateway Ltd. Gateway Ltd. is the owner of two parcels of real estate in the City of St. Louis, one known as the "Merchandise Mart" and the other as the 1015 Locust Building. Neither Gateway Ltd. nor Gateway Inc. has any employees in the State of Missouri. Gateway Ltd. employs a leasing agent to lease commercial space as well as to collect rent in the 1015 Locust Building. Neither Gateway Ltd. nor Gateway Inc. files tax returns or maintains a telephone or business records in the State of Missouri, although the business records of the leasing transactions of the 1015 Locust Building are maintained in St. Louis, Missouri. None of the limited partners of Gateway Ltd. reside in Missouri. The parties have filed briefs in support of their respective positions and argument was presented March 1, 1988.

## DISCUSSION

Paric proceeded with its prejudgment writ of attachment pursuant to four (4) subdivisions of § 521.010 R.S.Mo. (1986) as follows:

**521.010. Attachment, when issued-parties to-causes for.**—In any court having competent jurisdiction, the plaintiff in any civil action may have an attachment against the property of the defendant, or that of any one or more of several defendants, in any one or more of the following cases:

(1) Where the defendant is not a resident of this state;

(2) Where the defendant is a corporation, whose chief office or place of business is out of this state;

(5) Where the defendant is about to remove his property or effects out of this state, with the intent to defraud, hinder or delay his creditors;

(8) Where the defendant has fraudulently concealed, removed or disposed of his property or effects, so as to hinder or delay his creditors.

Summary Judgment under Rule 56(c) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056 is proper only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Wilson v. Myers*, 823 F.2d 253, 256 (8th Cir.1987), *Hegg v. U.S.*, 817 F.2d 1328, 1331 (8th Cir.1987). *Holloway v. Lockhart*, 813 F.2d

---

2. Gateway Ltd. filed its Certificate and Agreement of Limited Partnership with the Clerk's Office, Superior Court of Fulton County, Georgia on September 19, 1985. Article I of the document states: "... the principal place of business for the Partnership in Georgia is Suite 1050, 133 Carnegie Way, N.W., Atlanta, Georgia, 30303 ...". On January 19, 1988 (the day that Gateway Ltd. filed its Complaint in this proceeding), the Missouri Secretary of State issued its certificate of foreign limited partnership for Gateway Ltd. based upon its Application for registration as a foreign limited partnership filed the same day. It listed its business address as "1015 Locust, St. Louis, MO." It also lists "Suite 1050, 133 Carnegie Way, N.W., Atlanta, Georgia, 30303" as the office required to be maintained in its state of organization (Georgia) or its principal office.

3. Gateway Inc. was incorporated by the state of Delaware on March 6, 1987. On July 27, 1987, Gateway Inc. filed its Application for certificate of authority to transact business in Missouri and on the same day, the Missouri Secretary of State issued Gateway Inc. a Certificate of Authority. This certificate authorized Gateway, Inc. to carry on business in the State of Missouri and entitled it to all rights and privileges granted to foreign corporations under Missouri's general and business corporation law. It listed as the address of its principal office "181 Lytton Avenue, Suite 200, Palo Alto, California, 94301".

874, 879 (8th Cir.1987). At the hearing held March 1, 1988, Gateway Ltd. announced there were no genuine issues of fact with respect to Paric's Motion For Summary Judgment based upon 521.010(1) and (2) R.S.Mo. 1986.

With respect to the purpose of the attachment statute, Missouri Courts have held that:

"an attachment is a purely statutory remedy, ancillary to the main action, and provide a summary anticipatory method to impound the assets of a defendant to facilitate the collection of a judgment against him. *Lubrication Engineers, Inc. v. Parkinson*, 341 S.W.2d 876, 878 [6,7] (Mo.App.1961); *Anderson On Sheriffs, Coroners, and Constables*, § 22 p. 236 (1941); 7 CJS Attachment § 1 p. 185. Where the defendant is nonresident, attachment procedure serves the additional purpose to compel the person to submit to the jurisdiction of the court upon pain of forfeiture of the sequestered property. *State Ex Rel. Auchincloss, etc. v. Harris*, 349 Mo. 190, 159 S.W.2d 799, 805 [7–9] (1942). The levy of the writ of attachment not only serves to establish the special property interest of the officer in the goods, but also puts the property out of the control of the attachment debtor and closes the goods to subsequent levy of another creditor. *State Ex Rel. Mather v. Carnes*, 551 S.W.2d 272, 281–282 (Mo.App.1977)."

Under its first theory, Paric argues that Gateway Ltd. is not a resident of the State of Missouri under Section 521.010(1). This Court's determination of whether Gateway Ltd. was a resident of the State of Missouri on July 13, 1987, is guided by any Missouri State Court determination of the issue. Neither the extensive briefs of the parties nor the research of the Court has revealed any Missouri decision which defines residency of a limited partnership within the context of Missouri's Attachment statute. "... there is absolutely no Missouri law on the residency of a limited partnership for purposes of writs of attachment. Indeed, there is no law determining the residency of any partnership." Gateway Ltd. Memorandum at. p. 4 "While the Missouri court's

have not addressed the specific issue of where a limited partnership maintains its residence for purpose of § 521.010(1) R.S.Mo. of the Missouri Attachment Law ..." Paric reply Memorandum at p. 1. Since no Missouri Court has specifically addressed the present question, we must apply the rule we believe Missouri's highest court would follow. *Carlson v. Tandy Computer Leasing*, 803 F.2d 391 (8th Cir. 1986); *citing Tucker v. Parson Machine Co.*, 645 F.2d 620, 624 (8th Cir.1981); *see also Anderson v. Employers Insurance of Wausau*, 826 F.2d 777, 779 (8th Cir.1987).

Gateway Ltd. argues that it is a Missouri resident "because it has a chief office or principal place of business in Missouri. *e.g. Farnsworth v. Terre Haute, Alton & St. Louis R.R. Co.*, 29 Mo. 75 (1859). Indeed, essentially all of its business is conducted within Missouri since its only significant assets are located here ... clearly, Gateway Ltd.'s principal place of business is here in Missouri. Therefore, it is a Missouri resident." See Gateway Ltd. Memorandum at p. 4. Gateway Ltd. states that under Missouri case law the limited partnership is akin to a foreign corporation because Missouri has no case law interpreting residency of a limited partnership and because a limited partnership is a hybrid between a general partnership and a corporation. Gateway Ltd. Memorandum at p. 4. Gateway Ltd. cites no Missouri case law to support its allegation that a limited partnership is by closest analogy, a foreign corporation. Rather, it supports such a contention by reference to the preamble of the Revised Uniform Limited Partnership Act. This Court does not adopt such an analysis for purposes of determining the residence of a limited partnership under the Missouri Attachment statute. *See* § 359.671 and 359.011 et seq. R.S.Mo. (1986).

Paric argues that the residence of Gateway Ltd. is not in Missouri since both Gateway Ltd. and its general partner, Gateway, Inc. are organized under the laws of Georgia and Delaware respectively, and since neither were authorized to do business in

Missouri on July 13, 1987.[4] Paric further argues that the residence of Gateway Ltd. is determined exclusively by the residence of Gateway Inc., its sole general partner. In support of its position, Paric asserts that Missouri Court's have interpreted the term "domicile" to be the State in which a corporation was created although it may lawfully do business in other States. *Citing State Ex Rel. Dalton v. Riss & Co.*, 335, S.W.2d 118, 131 (Mo. Banc, 1960). *See* Paric Memorandum at pp. 15–16.

Upon review of the cases cited by the parties and upon consideration of the purpose of the Attachment statute and the facts in this case, this Court is of the opinion that Gateway Ltd. is not a resident of the State of Missouri. This Court has reached its conclusion based upon a practical analysis of the status of Gateway Ltd. The Court concludes that a limited partnership cannot be a resident of the State of Missouri for the purposes of Missouri attachment statute when neither it nor its sole general partner is authorized to do business in the State of Missouri. The Court rejects the argument that since essentially all of the business of Gateway Ltd. is conducted within Missouri, it is a Missouri resident. It would appear as if Gateway wishes to have selective application of Missouri's statutes in the conduct of its business affairs. While neither it nor its general partner chose to comply with Missouri's statutes regarding authorization to conduct business within the State, they do wish to seek the protection of the limited eligibility of the Attachment statute.

In addition, there is at least a two fold purpose behind the enactment of Section 521.010(1). One purpose appears to be to provide notice to assure that process is served in order to afford a defendant an opportunity to litigate and the other is to protect the creditor against the debtor's ability to move or transfer its assets and abandon his place of convenience within the State. *ITC Entertainment, Ltd. v. Nelson Film Partners*, 714 F.2d 217, 221 (2nd Cir.

1983). The parties have stipulated that Gateway, Ltd. acquired the 1015 Locust Building only months before the attachment suit was filed. The building was obtained in satisfaction of former general partner's obligations to the limited partnership, the basis of which was alleged to be misappropriation of funds. Although the res in this case is real estate, the purpose of the Missouri attachment statute (in this instance—to protect creditors from debtors voluntarily removing themselves and their property) does have application in this case. Real estate can be transferred simply by filing appropriate deeds and denying creditors access to a non-resident's property. This Court's determination of the residency of Gateway Ltd. is determinative of the validity of the attachment. *State Ex Rel. Auchincloss v. Harris*, 159 S.W.2d at p. 805.

The Court shall not address the three other bases of Paric's Motion For Summary Judgment namely, §§ 521.010(2), (5) and (8) having determined Paric's entitlement to summary judgment based upon § 521.010(1). The Court declines the request of Paric to impose sanctions against Gateway Ltd. based upon allegations asserted in its Complaint. While certain allegations (see footnote 4 herein) are not accurate, the Court shall not impose Rule 9011 sanctions. An Order consistent with this Memorandum shall be entered this day.

### ORDER

This matter came on for hearing March 1, 1988 pursuant to a Motion For Summary Judgment filed by Paric Corporation (hereinafter "Paric") against Gateway Center Building Investors, Ltd. (hereinafter "Gateway Ltd."). Both parties appeared through counsel.

Upon this Court's review of the record it is

ORDERED that Paric's Motion For Summary Judgment is hereby GRANTED.

---

**4.** Contrary to the references in paragraphs 10 and 12 of its First Amended Complaint, Gateway Ltd. stated at oral argument on March 1, 1986, that neither Gateway Ltd. nor Gateway Inc. had complied with Missouri statutes applicable on July 13, 1987, regarding  hority to do business in the State of Missouri.

IT IS FURTHER ORDERED that Paric's request for Rule 9011 sanctions is DENIED.