STATE ex rel. UNION ELECTRIC
COMPANY, Relator,

v.

Honorable Donald L. BARNES,
Judge, Circuit Court, Pettis
County, Respondent.

No. 77245.

Supreme Court of Missouri,
En Banc.

Feb. 21, 1995.

Mark G. Anderson, Johnny K. Richardson, Jefferson City, for relator.

Ronald J. Stites, Jefferson City, for respondent.

LIMBAUGH, Judge.

Relator Union Electric seeks a writ of mandamus to compel Respondent, Judge Donald L. Barnes, to exercise jurisdiction in an action for writ of attachment. The Court of Appeals, Western District, denied relator's petition for a writ of mandamus, but, thereafter, this Court issued an alternative writ of mandamus. We now make that writ peremptory.

On July 18, 1991, Union Electric filed a petition for damages and an application for writ of attachment with supporting affidavit in the Circuit Court of Cole County. In the petition, Union Electric claimed damages of $428,410.50 against Michael H. Anderson, Janet J. Anderson, and Anderson Trucks, Trailer & Equipment Sales, Inc., on grounds of breach of contract, unjust enrichment, and conversion.

The circuit court took up the application for writ of attachment the same day it was filed. After approving an attachment bond in the amount of $350,000, the court entered its "Order to Issue Writ for Attachment."

Immediately thereafter, Union Electric posted the bond, and the circuit clerk issued the writ.

The defendants filed a motion to dissolve the writ of attachment in the Pettis County Circuit Court, the case having been transferred there on defendants' application for change of venue. On August 2, 1994, after a series of hearings and extensive briefing, the court sustained the motion to dissolve. Although the court noted that Rule 85.08(a) requires a bond "not exceeding double" the judgment sought, it relied instead on § *521.070, RSMo 1986*, which requires the bond amount to be "at least double" the judgment sought. Because Union Electric sought judgment for $428,410.50, the court determined that the $350,000 bond was per se insufficient. Furthermore, the court held that "[Union Electric] has the burden of complying with the *statutory* requirements of the bond and the failure to do so deprives the court of its initial authority to issue the writ of attachment." (Emphasis added.)

■ The circuit court's determination that it never acquired jurisdiction—"its initial authority to issue the writ"—proceeds from two fallacious assumptions: 1) that § *521.070* supersedes Rule 85.08(a); and 2) that the insufficiency of the bond deprives the court of jurisdiction over the attachment proceedings. *Section 521.070* states, in pertinent part:

The bond shall be executed by the plaintiff, or some responsible person as principal, and one or more sureties, resident householders of the county in which the action is to be brought, *in a sum at least double the amount sworn to in the affidavit. . . .*

(Emphasis added.) Rule 85.08(a), on the other hand, states in pertinent part:

The claimant shall file a sufficient bond, approved by the court, executed by the claimant as principal and one or more sufficient sureties to the effect that they are bound to the State of Missouri *in an amount set by the court but not exceeding double the amount claimed.*

(Emphasis added.) Although the circuit court attempted to reconcile the statute and the rule, they are, in fact, conflicting. If the

statute controls, the bond is indeed insufficient; if the rule controls, the bond may be, but is not necessarily, insufficient. Having decided that the statute controlled, the circuit court had no need to address the sufficiency of the bond under the rule.

■ The Missouri Constitution of 1945 authorized the Supreme Court to "establish rules of practice and procedure for all courts." *Mo. Const. art. V, § 5.* In 1976, the citizens of Missouri amended article V so that those rules "shall have the force and effect of law." *Id.* Consequently, rules promulgated pursuant to article V, § 5 "supersede all statutes and existing court rules inconsistent therewith," Rule 41.02; if there is a conflict between this Court's rules and a statute, the rule always prevails if it addresses practice, procedure or pleadings. *Reichert v. Lynch*, 651 S.W.2d 141, 143 (Mo. banc 1983). The Court's rules may only be "annulled or amended in whole or in part by a law" enacted solely for that purpose. *Mo. Const. art. V, § 5.* In *Salenia A.B. v. Air National Aircraft Sales, Inc.*, 712 S.W.2d 386, 389 (Mo.App.1986), the court of appeals, applying the foregoing principles, held that Rule 85.08 is procedural and, thus, prevailed over *§ 521.050, RSMo 1986.* We agree.

■ Procedural laws prescribe a method for enforcing rights or obtaining redress for their invasion. *Wilkes v. Missouri Highway and Transportation Commission*, 762 S.W.2d 27, 28 (Mo. banc 1985). Substantive laws, on the other hand, define and regulate those rights. In a sense, substantive laws create rights; procedural laws provide remedies. *Shepherd v. Consumers Cooperative Assoc.*, 384 S.W.2d 635, 640 (Mo. banc 1964).

An attachment proceeding is a prejudgment remedy, or part of a remedy, by which property can be taken into custody to satisfy an anticipated judgment. 7 C.J.S. *Attachments* § 2a (1980). The attachment does not create the right to a judgment or debt; rather, it provides a means of enforcing a judgment. *State v. Taylor*, 298 Mo. 474, 251 S.W. 383, 388 (1923). It follows that attachments are procedural in character, and Rule 85.08 therefore must supersede § 521.070. *Id.*

■ Even if the circuit court had relied on Rule 85.08(a) rather than § *521.070* in

determining that the $350,000 bond was insufficient, the court was still empowered, even required, to act on matters pertaining to the attachment proceeding. There is a difference between jurisdiction over the proceedings and jurisdiction over the property sought to be attached. To be sure, the court does not have jurisdiction over the property sought to be attached until the writ of attachment is perfected by the posting of a sufficient bond. *Lubrication Engineers, Inc. v. Parkinson,* 341 S.W.2d 876, 878 (Mo.App. 1961). Jurisdiction over the attachment proceedings, however, is derived from the main action because attachment proceedings are not independent, but ancillary to the main action. Therefore, jurisdiction over the proceedings is not at all dependent on the sufficiency of the bond and the court's jurisdiction over the property.

Indeed, the rules governing attachments often permit or require the court to exercise jurisdiction over attachment proceedings even though the writ of attachment may have been improperly issued. For example, Rule 85.11 authorizes the court to order that a new bond be furnished where an existing bond is deemed insufficient. Although the writ was improperly issued and the court lacks jurisdiction over the property, the court does have jurisdiction to allow the claimant to cure the defective bond. Similarly, in cases where the writ was issued on the basis of a faulty affidavit, Rule 85.14(c)(2) permits the court to direct that a new affidavit be filed, despite the initial impropriety of the writ.

We hold that the circuit court has jurisdiction over the attachment proceedings and that the circuit court must redetermine the sufficiency of the attachment bond under Rule 85.08(a). Furthermore, should the circuit court again determine that the bond is insufficient, it may then afford the relator the opportunity to file a new and sufficient bond.

The alternative writ of mandamus is made peremptory.

All concur.