**AMERICAN REFRACTORIES CO., t/a George E. Snyder Contractors, Plaintiff–Appellant,**

v.

**COMBUSTION CONTROLS and Environmental Solutions, Inc., Defendant–Respondent.**

No. 24373.

Missouri Court of Appeals, Southern District, Division Two.

March 28, 2002.

Thomas J. Kernell and Michelle M. Funkenbusch, of St. Louis, MO, for Appellant.

Deborah K. Dodge, of Hall, Ansley, Rodgers & Condry, P.C., of Springfield, MO, for Respondent.

JAMES K. PREWITT, Judge.

Plaintiff–Appellant filed a "Petition for Temporary Restraining Order" and "Petition for Writ of Prejudgment Attachment." Appellant sought these remedies as an aid in collecting a judgment it sought against Respondent in the state courts of Pennsylvania. Appellant requested a temporary restraining order enjoining Archimica (Missouri), Inc. ("Archimica") from paying any monies to Respondent that might be due from work Respondent did for Archimica and thereafter requested an order issuing a writ of prejudgment attachment against Respondent and Archimica. The trial court entered an order and later a judgment denying all relief sought and

awarding damages to Respondent and Archimica based on their attorneys' fees and expenses.

## FACTS

The underlying cause of action in this appeal was brought in the State of Pennsylvania, where both parties maintain principal places of business. The Pennsylvania action involved a contractual dispute related to goods and services provided by Appellant to Respondent in Madisonville, Kentucky. Appellant sued for breach of contract and unjust enrichment, alleging fraud and fraudulent transfers for Respondent's failure to pay for goods and services rendered, in the approximate amount of $256,000.00. In its amended complaint, Appellant alleged that it had been a subcontractor for Respondent and that Respondent had received payment for the work completed but had not yet paid Appellant and other subcontractors. Respondent counter-claimed, alleging damages in that services rendered by Appellant were done in an unworkmanlike manner.

In an unrelated construction project, Archimica, a Missouri corporation, contracted with Respondent to provide construction services at Archimica's Springfield, Missouri facility, for which Archimica owed Respondent approximately $100,000.00. Appellant subsequently added Archimica as a defendant in its action against Respondent. Thereafter, Appellant petitioned the Circuit Court of Greene County for prejudgment attachment on the monies it claimed Archimica owed to Respondent, alleging fraudulent actions and fraudulent transfers on behalf of Respondent. Appellant also sought a temporary restraining order, seeking to enjoin Archimica from paying any such monies to Respondent until a hearing on its Application for a Writ of Prejudgment Attachment could be held in Greene County. There were no claims of fraud, default or misconduct by Appellant against Archimica.

On April 13, 2000, the Circuit Court of Greene County granted a temporary restraining order barring the transfer of any monies from Archimica to Respondent until April 19, 2000, when a hearing was set. The trial court also ordered Appellant to execute and file sufficient bond to protect Respondent and Archimica in the event that either was wrongfully damaged by the order. Appellant filed a surety bond in the amount of $400,000.00.

On April 19, 2000, a hearing on the Appellant's request for prejudgment attachment was held, and the trial court denied Appellant's request, ruling that it lacked the jurisdiction to issue a writ of prejudgment attachment. It extended the temporary restraining order on Archimica for seven days to allow Appellant to apply for a writ of mandamus in this court.

The temporary restraining order was extended another seven days on April 27, 2000, and another ten days from May 1, 2000, to allow Appellant time to apply for a writ and receive a ruling from the court of appeals. The trial court further directed Archimica to pay $101,414.85 into a trust from which payments to Respondent's subcontractors would be issued. On May 11, 2000, the trial court again extended the temporary restraining order for another ten days.

Appellant's application for writ was denied by this Court on May 15, 2000, thereby having the effect of dissolving the temporary restraining order. Respondent subsequently filed a motion for damages on the bond, alleging that it incurred substantial attorney fees, expenditures for travel, and lost income as a result of its defense against Appellant's action in Missouri. In its judgment filed on June 22, 2001, the Circuit Court of Greene County found that Respondent and Archimica had

incurred attorney fees and expenses for which they were entitled to recover, and ordered Appellant to pay to Respondent $7,916.40 with interest thereon. Appellant was ordered to pay $1,729.80 with interest thereon to Archimica. Appellant satisfied the portion of the judgment relating to Archimica.

## DISCUSSION

■ The trial court determined that Rule 85, providing for attachments, does not "apply to causes of action pending out of the State of Missouri." Rule 85.02, "Availability of Attachment," provides that "[a]fter the commencement of a civil action a party who presents therein a claim by petition, counterclaim, cross-claim or third-party petition may obtain a writ of attachment upon compliance with this Rule 85." Rule 85.03 requires an affidavit for a writ of attachment and that the affidavit shall "[s]tate the nature and amount of the claim," and shall include "[f]acts showing the existence of one or more of the grounds for attachment as set forth in Section 521.010, RSMo."

The initial question presented here is whether the claim sought in a civil action, upon which the attachment is based, can be an action brought in another state. There is also the question of whether damages awarded Defendant due to the temporary restraining order were proper.

■ Attachment provides an "anticipatory method to impound the assets of a defendant to facilitate the collection of a judgment against him." *State ex rel. Mather v. Carnes*, 551 S.W.2d 272, 281 (Mo.App.1977).

■ "Jurisdiction over the attachment proceedings, ... is derived from the main action because attachment proceedings are not independent, but ancillary to the main action." *State ex rel. Union Elec. Co. v.*

*Barnes*, 893 S.W.2d 804, 806 (Mo.1995). Under the statutes, remedies of attachment are ancillary to the main suit and have nothing to do with the merits. *State ex rel. Auchincloss, Parker & Redpath v. Harris*, 159 S.W.2d 799, 805, 349 Mo. 190 (1942); *Farmington Prod. Credit Ass'n v. Estes*, 504 S.W.2d 149, 152–53 (Mo.App. 1974).

" 'Ancillary,' as used in law, is defined as 'designating or pertaining to a document, proceeding, officer or office, etc., that is subordinate to, or in aid of, another primary or principal one; as, an *ancillary* attachment, bill, or suit presupposes the existence of another principal's proceeding.' " *Herhalser v. Herhalser*, 401 S.W.2d 187, 193 (Mo.App.1966) (citation omitted). "[A]n 'ancillary proceeding' is one subordinate to or in aid of another primary action." *Id.*

Although there may be a split in authority as to whether only the court with authority to proceed in the main suit has authority to issue a writ of attachment, we believe that the better rule, consistent with Missouri law, is that only the court where the claim is pending has the authority to issue a writ of attachment. As the above-cited Missouri cases state, jurisdiction over an attachment proceeding is derived from the main action, so the main action must necessarily be in the court where the attachment is sought, otherwise there is no action in that court from which to acquire jurisdiction. Thus, there is no jurisdiction to enter a writ of attachment in Missouri based on a Pennsylvania legal action.

■ Section 521.170(2), RSMo 2000, provides that after the writ of attachment, garnishees may be summoned. This is, of course, the method by which Archimica might be liable to pay the money it owes Respondent to Appellant. *See also* Rule 85.08(b)(3) (providing that an attachment bond protects garnishees). In the absence

of a statute, a garnishee cannot be summoned when the court from which the garnishment issued has no jurisdiction of the subject matter of the principal cause of action. *Hervey v. Farms, Inc.,* 252 Ark. 881, 481 S.W.2d 348, 349 (1972); *Stocker v. Cataldi,* 521 N.E.2d 716, 717–18 (Ind.App. 1988). *See also Equifax, Inc. v. Luster,* 463 F.Supp. 352 (E.D.Ark.1978), *aff'd,* 604 F.2d 31 (8th Cir.1979), *cert. denied,* 445 U.S. 916, 100 S.Ct. 1276, 63 L.Ed.2d 600 (1980) (applying Arkansas law). *See also* Rule 90.02 (clerk of court that entered judgment shall issue a writ of garnishment). *But see Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Kozeny,* 115 F.Supp.2d 1231, 1237 (D.Colo.2000) (U.S. Supreme Court dicta and other cases cited as *contra* to above rule).[1]

 The trial court correctly determined that it did not have authority to issue the requested writ of attachment. We also conclude that error in the amount of damages awarded following the temporary restraining order has not been established. Appellant is correct that damages resulting from the underlying suit (if there is such here), rather than the injunction, are not recoverable from the injunction bond. *Newcourt Fin. USA, Inc. v. Lafayette Inv., Inc.,* 983 S.W.2d 214, 216 (Mo. App.1999).

Appellant contends that the damages awarded are not all related to the issuance of the temporary restraining order, but included attorneys' fees and expenses related to the petition for the writ of attachment. Whether that is correct, we cannot tell from the record. There is no transcript of any evidence, nor can we tell with any precision how the trial court assessed the damages. The trial court's

judgment is presumptively correct and Appellant has the burden to show error. *Weaver v. Helm,* 941 S.W.2d 801, 806 (Mo. App.1997).

The trial judge has considerable discretion in an award of attorneys' fees and is an expert on what the attorneys' fees should be. *Tate v. Golden Rule Ins. Co.,* 859 S.W.2d 831, 835 (Mo.App.1993). There is no basis here for convicting the trial court of an abuse of discretion.

The judgment is affirmed.

PARRISH, J., and RAHMEYER, J., concur.

---

**1.** A statute providing for the issuance of process for satisfaction of a judgment other than the initial rendering court is Section 511.760,

RSMo 2000 (Uniform enforcement of foreign judgments law).