Gary N. SMITH, Petitioner–
Respondent,

v.

DIRECTOR OF REVENUE,
Respondent–Appellant.

No. 26892.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 29, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl Caponegro Nield, Assistant Attorney General, Jefferson City, for Appellant.

No brief was filed by Respondent.

JAMES K. PREWITT, Presiding Judge.

Director of Missouri's Department of Revenue ("Director") challenges the trial court's jurisdiction to set aside the revoca-

tion of Gary N. Smith's ("Petitioner") driving privileges.[1]

Petitioner was pulled over for driving while intoxicated by Morehouse, Missouri police officer Frank Allen. Allen conducted a field sobriety test, which Petitioner failed. During a search incident to arrest, Allen discovered marijuana on Petitioner. Allen took Petitioner to the New Madrid Sheriff's Department and administered a breathalyzer test which indicated a blood alcohol content of .137%. When Allen requested that Petitioner submit to a urinalysis, Petitioner refused. Petitioner's driving privileges were subsequently revoked for refusal to submit to a chemical test.

On January 11, 2005, Petitioner filed his petition for review of the administrative revocation. In that document, Petitioner stated he was issued notice of the revocation on December 11, 2004. Allen testified that the arrest occurred on December 12, 2004, but he made no reference to issuing a notice. The trial court found that Allen "did not have reasonable and/or probable grounds to believe that [Petitioner] was driving a motor vehicle while under the influence of drugs." The revocation of Petitioner's driving privileges was set aside. Director filed Notice of Appeal on March 22, 2005.

■ In her only point, Director maintains that restoration of Petitioner's driving privileges was a misapplication of the law in that Petitioner filed his petition for review one day beyond the thirty-day limit provided under § 302.311, RSMo 2000, and the trial court lacked subject matter jurisdiction. As earlier stated, Petitioner al-

leged in his petition for review that the notice was issued on December 11, 2004. The judgment states the incident occurred on December 12, 2004.

■ Failure to file a petition for review of an administrative decision within thirty days after notice of revocation deprives the circuit court of subject matter jurisdiction. *Welch v. Director of Revenue*, 859 S.W.2d 230, 231 (Mo.App.1993). Where judicial tribunals have no jurisdiction to act, their proceedings are absolutely void. *Id.*

Section 302.311, RSMo 2000 reads, in part: "[I]n the event that a license is suspended or revoked by the director, the ... licensee so aggrieved may appeal to the circuit court of the county of his residence ... for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked."

■ Rule 44.01(a) states that in computing any period of time prescribed or allowed by the applicable statute, the day of the act after which the designated period of time begins to run is not to be included, and "[t]he last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday." [2]

Depending on the date of the notice, Rule 44.01(a) makes "day one" of the stat-

---

**1.** Petitioner has not filed a brief with this court. While no penalty is prescribed for failure to file a brief, we are required to decide the case without the benefit of Petitioner's argument in response to Director's claim of error. *Ruth v. Director of Revenue*, 143 S.W.3d 741, 747 n. 4 (Mo.App.2004).

**2.** If there is a conflict between the Supreme Court's rules and a statute, the rule always prevails if it addresses practice, procedure or pleadings. *State ex rel. Union Electric Co. v. Barnes*, 893 S.W.2d 804, 805 (Mo.banc 1995).

utory time period either December 12, 2004 or December 13, 2004, and "day thirty" either January 10, 2005 or January 11, 2005. By Executive Order 04–28, Governor Bob Holden ordered that state offices would be closed on January 10, 2005, "for the inauguration." In a December 8, 2004 Memorandum from the Supreme Court of Missouri, Office of the State Courts Administrator to "Chief Judges, Presiding Judges, Appointing Authorities, Juvenile Officers, and Personnel Officers," Chief Justice Ronnie L. White directed the closing of state judicial offices on January 10, 2005.[3]

A " '[l]egal holiday' is 'a holiday established by legal authority and characterized by legal restrictions on work and transaction of official business.' " *Heinen v. Healthline Mgmt., Inc.*, 982 S.W.2d 244, 247 (Mo.banc 1998) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY UNABRIDGED 1290 (1976)). "A 'legal holiday' includes days when 'the clerk's office is legally closed.' " *Heinen*, at 247 (quoting *Bowling v. Webb Gas Co., Inc. of Lebanon*, 505 S.W.2d 39, 40 (Mo.1974)). "Otherwise, counsel and parties would have to search for clerks, which is not a 'common-sense requirement or an appropriate solution to the problem.' " *Heinen* at 247 (quoting *Bowling* at 40). *Heinen* involved an authorized closing by the Supreme Court on the day after Thanksgiving.

Here, the memorandum from the Supreme Court made January 10, 2005 a legal holiday. Petitioner had until Tuesday, January 11, 2005 to file his petition. The trial court did not misapply the law, and it had jurisdiction over the administrative decision based on either date that the

notice of revocation was issued. Director's only point has no merit.

The judgment is affirmed.

PARRISH, J., and RAHMEYER, J., concur.

---

**3.** "Subject to the supervisory authority of this Court, the Chief Justice—as chief administrative officer of the judicial system—supervises the administration of all Missouri courts. Mo. Const. art. V, sec. 8." *Heinen, infra.*