**STATE of Missouri ex rel. COSTCO WHOLESALE CORPORATION, Relator,**

v.

**Honorable James R. HARTENBACH, Circuit Judge, 21st Judicial Circuit, St. Louis County, Missouri, Respondent.**

### No. ED 91459.

Missouri Court of Appeals, Eastern District, Writ Division One.

Aug. 12, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 9, 2008.

Application for Transfer Denied Nov. 25, 2008.

Steven M. Cockriel, Cockriel & Christofferson, LLC, St. Louis, MO, for relator.

David Grebel, Brown & James, P.C., St. Louis, MO, for respondent and defendant Midwest Engineering Services, Inc.

Edward S. Meyer, Rabbitt, Pitzer & Snodgrass, St. Louis, MO, for defendant M.W. Builders, Inc.

KURT S. ODENWALD, Presiding Judge.

Costco Wholesale Corporation (Relator) filed a Petition for a Writ of Mandamus with this Court, seeking to compel Circuit Judge James R. Hartenbach (Respondent) to grant Relator's Application for Writ of Attachment as to Midwest Engineering Services, Inc. (MES) and set the amount of the bond pursuant to Rule 85.08(a) in the

underlying case of *Costco Wholesale Corporation v. Midwest Engineering Services, Inc. and MW Builders, Inc.,* filed in the Circuit Court of St. Louis County, Missouri, Case No. 2106CC–004493 (Lawsuit). Relator contends that the trial court was required to grant Relator's application for a writ of attachment because MES admitted the facts supporting the issuance of a writ, specifically that "the plaintiff in any civil action may have an attachment against the property ... of any one or more of several defendants ... where the defendant is a corporation, whose chief office or place of business is out of this state." Section 521.010(2).[1] We previously issued a Preliminary Order in Mandamus. The Preliminary Order in Mandamus is made absolute.

## I. *Procedural Background*

Relator filed its Lawsuit on November 8, 2006, seeking damages for breach of contract and professional negligence in connection with the design and construction of several large retaining walls at its development located in south St. Louis County. On June 9, 2008, Relator filed an Application for Writ of Attachment as to defendant MES. MES filed its Memorandum in Opposition to Relator's Writ of Attachment on June 18, 2008. After a hearing, Respondent denied Relator's Application for Writ of Attachment.

Relator subsequently filed the current Petition for Writ of Mandamus, asserting Respondent was duty bound to grant Relator's Application for Writ of Attachment and set the amount of the bond to be provided by Relator, according to Rule 85.08(a), because Relator asserted through its affidavit that MES is a corporation whose chief office or place of business is out of the state of Missouri and in the

state of Wisconsin, and MES admitted that it is a Wisconsin corporation.

After reviewing the Petition and Suggestions in Support and exhibits provided, this Court issued a Preliminary Order of Mandamus on June 24, 2008. MES did not file Suggestions in Opposition or an Answer to the Petition for Writ of Mandamus as directed. Pursuant to Rule 84.24, this Court being fully informed has dispensed with the requirement of full briefing and oral argument in this matter.

## II. *Discussion*

We acknowledge the limited circumstances under which a writ of mandamus may issue. A writ of mandamus is a hard and fast unreasoning writ, and is reserved for extraordinary emergencies. *Norval v. Whitesell,* 605 S.W.2d 789, 791 (Mo. banc 1980). The function of the writ of mandamus is to enforce, not to establish, a claim of right; the office of the writ is to execute, not to adjudicate. *State ex rel. Kiely v. Schmidli,* 583 S.W.2d 236, 237 (Mo.App. W.D.1979). To warrant control by mandamus, there must be an existing, clear, unconditional legal right in relator, and a corresponding present, imperative, unconditional duty upon respondent, and a default upon respondent therein. *Id.*

To determine whether Relator has a claim of right, and thus respondent a duty, we examine the requirements of attachment. Attachment provides an anticipatory method to impound the assets of a defendant to facilitate the collection of judgment against him. *Am. Refractories Co. v. Combustion Controls,* 70 S.W.3d 660, 663 (Mo.App. S.D.2002).

"Availability of Attachment" provides that "[a]fter the commencement of a civil action a party who presents therein a claim by petition, counterclaim, cross-claim

1. All statutory references are to Missouri Revised Statutes (2000) unless otherwise noted.

or third-party petition may obtain a writ of attachment upon compliance with this Rule 85." Rule 85.02. Rule 85.03 requires an affidavit for a writ of attachment that shall "[s]tate the nature and amount of the claim," and shall include "facts showing the existence of one or more of the grounds for attachment set forth in Section 521.010." Rule 85.03. Section 521.010 allows a plaintiff in a civil action an attachment against the property of a defendant "[w]here the defendant is a corporation, whose chief office or place of business is out of this state." Section 521.010(2).

In the matter before us, Relator filed with the trial court its Application for Writ of Attachment and Affidavit in which Relator states the nature and amount of the claim by asserting that it is seeks damages "in excess of $5.5 million" from MES. The damages sought represent the costs of investigating, designing repairs and constructing repairs to four retaining walls and two reinforced slopes. The Affidavit further alleges that MES should be held responsible for these costs because MES was responsible for the design and construction monitoring and inspection of the walls and slopes that were the subject of the contract between Relator and MES. Relator's Affidavit sets forth that Relator has incurred costs in excess of $3.3 million to date, and that the estimated cost of the remaining repairs exceeds an additional $2.3 million. Relator avers that it is concerned that MES has limited insurance coverage, there are other claims pending against MES's insurance policy, and MES has few assets other than receivables. Finally, Relator alleges in its Affidavit supporting its Application for Writ of Attachment that MES is a corporation, whose chief office or place of business is located out of this state, specifically in Waukesah, Wisconsin. Section 521.010(2). To verify this allegation, Relator attached supporting documentation, including MES's annual report filed with the Missouri Secretary of State and MES's listing of offices from its web page.

We find Relator's Application for Writ of Attachment, including Relator's Affidavit, statement of the nature and amount of Relator's claim, as well as Relator's stated grounds for attachment, sufficiently set forth Relator's claim of right for the issuance of a writ of attachment. Relator has complied with the requirements set forth in Section 521.010, and is therefore entitled to the attachment of property sought there under.

■ We have reviewed MES's Memorandum in Opposition to Plaintiff's Application for Writ of Attachment filed with the trial court, and disagree with MES's argument, and Respondent's acceptance of the argument. MES suggests that a Writ of Attachment should not issue under Section 521.010 because Relator's demand was "not yet due," and therefore not appropriate for attachment under Section 521.020.[2] MES claims that Relator's demand is "not yet due" simply because MES denies the allegations of Relator's Petition and contests Relator's entitlement to the damages claimed. However, if MES's argument were true, then attachment as an anticipatory ancillary remedy under Section 521.010(1)-(4) would be unobtainable in any civil action, and the provisions of Section 521.010 would be rendered meaningless. Moreover, if a judgment is required before obtaining an attachment in a civil action alleging breach of contract, then prejudgment interest on damages could not be authorized as Section 408.020 provides,

2. Section 521.020 provides: "An attachment may issue on a demand not yet due in any of the cases mentioned in section 521.010, except subdivisions (1), (2), (3) and (4), but no judgment shall be rendered against the defendant until the maturity of the demand."

thereby rendering Section 408.020 meaningless. "When the legislature enacts a statute referring to terms which have had other legislative or judicial meanings attached to them, the legislature is presumed to have acted with knowledge of these meanings." *Boyd v. State Bd. of Registration for Healing Arts,* 916 S.W.2d 311, 315 (Mo.App. E.D.1995). To take away the prejudgment interest provisions of Section 408.020 would violate a principal rule of statutory construction that each word or phrase in a statute must be given meaning if possible. *State v. Blocker,* 133 S.W.3d 502, 504 (Mo. banc 2004).

The cases cited by MES in its memorandum filed with the trial court are inapposite and provide no guidance to this Court. In *State ex rel. Gov't Employees Ins. Co. v. Lasky,* 454 S.W.2d 942 (Mo.App.1970), the court held that an insurer's contractual obligation to the defendant were not "debts" within the meaning of the garnishment statute, Section 525.010. Here, however, where garnishment is not at issue, Relator brings its action directly against MES, and not against an insurer. Additionally, in *Hearne v. Keath,* 63 Mo. 84 (Mo.1876), the sureties who filed suit against their principal had not actually paid the defendants' debt until after the suit was filed, and thus, the court found that the demand had no existence because the "well established doctrine is, that the surety can only recover what he has paid to extinguish the debt ..." *Id.* Because Relator is not a surety here, *Hearne* is inapplicable.

The Missouri Supreme Court explained the rule allowing a writ of attachment long ago:

> The general rule is that, in the institution of all suits, in order to state a good cause of action the demand or claim upon which the action is based must be due and payable at the commencement of the suit.

*Nat'l Tube Works Co. v. Ring Refrigerating & Ice Machine Co.,* 201 Mo. 30, 98 S.W. 620, 627 (1906), overruled on other grounds in *Cole v. Parker–Washington Co.,* 276 Mo. 220, 207 S.W. 749 (1918). Relator's suit is based on a breach of contract and professional negligence. If successful on its claim, Relator's demand for payment of money damages was due and payable at the commencement of Relator's lawsuit, unlike an equitable action that cannot state a claim for money damages. *See State ex rel Auchincloss, Parker & Redpath, Inc. v. Harris,* 349 Mo. 190, 159 S.W.2d 799, 804 (1942) (in equity suit, service may not be obtained upon a nonresident defendant). Additionally, in this breach of contract and professional negligence action, the defendant has attempted to perform the terms of the contract, but allegedly breached the contract by

> failing to stop incorrect construction practices and operations and by failing to require the contractor(s) constructing the reinforced slopes and retaining walls to properly construct said elements of work in accordance with the plans, specifications, manufacturer's recommendations, and good and workmanlike construction practices.

(*See* Petition at 18)

Relator was entitled to defendant's performance of the contract at the time Relator filed its cause of action, thereby making defendant's debt "due" at the filing of the lawsuit. To the contrary, Relator's claim is distinguished from a suit on a promissory note that has not yet matured, and therefore by the very terms of the instrument sued upon, is a debt not yet due. *See e.g. Musgrove v. Mott,* 90 Mo. 107, 2 S.W. 214 (1886).

Taking MES's argument to its logical conclusion, a defendant's alleged debt could never become due unless such "debt" is admitted by the defendant, or until a verdict is returned and judgment entered. This interpretation of Section 521.010 is an absurdity.

The Preliminary Order in Mandamus is hereby made absolute. Relator has sufficiently demonstrated its claim of right to a Writ of Attachment under Section 521.010. Because the Application for Writ of Attachment meets the proscribed statutory requirements, and given the specific facts and circumstances of the case before us, Respondent is without authority to deny Relator's application for writ and leave to file the bond. Our issuance of a Writ of Mandamus merely enforces the legal right guaranteed to Relator under Section 521.010 under the set of facts presented. Relator's request for a permanent Writ of Mandamus is hereby granted. Respondent is hereby ordered to grant Relator's Application for Writ of Attachment and set the bond amount pursuant to Rule 85.08(a).

GEORGE W. DRAPER III and BOOKER T. SHAW, JJ., Concur.