John W. KOELKEBECK, Appellant,

v.

DIRECTOR OF REVENUE OF
the STATE of Missouri,
Respondent.

No. WD 73304.

Missouri Court of Appeals,
Western District.

Jan. 3, 2012.

James Rahm and Joseph D. McGaugh, Carrollton, MO, for Appellant.

Jayne Woods and Mary H. Moore, Jefferson City, MO, for Respondent.

Before: ALOK AHUJA, P.J., THOMAS H. NEWTON, and JAMES EDWARD WELSH, JJ.

THOMAS H. NEWTON, Judge.

Mr. John W. Koelkebeck appeals from the trial court's judgment denying his petition requesting reinstatement of his driver's license. The trial court denied his petition because it found Mr. Koelkebeck filed his appeal from the Director of Revenue's (Director) revocation out of time. We reverse and remand.

**Factual and Procedural Background**

In a letter dated June 4, 2010, the Missouri Department of Revenue (Department) notified Mr. Koelkebeck that it had received information indicating he had a "medical/physical condition that may prevent [him] from safely operating a motor vehicle." The notice informed Mr. Koelkebeck that if he believed he was capable of driving safely, he must have a physician treating him for his condition complete the enclosed physician's statement and return it to the Department, and that if he did not do so, he was required to surrender his license by June 14, 2010. It further instructed him that he had "30 days from the date of [the] notice to file an appeal concerning the Director's decision" to deny his driving privileges.

On June 14, 2010, the Director entered a denial of Mr. Koelkebeck's driving privileges. On July 6, 2010, Mr. Koelkebeck filed a petition in circuit court appealing the Director's denial and requesting reinstatement of his driving privileges. On July 8, 2010, Dr. Marvin Ross completed a physician's statement finding that Mr. Koelkebeck was "likely capable of operating a motor vehicle safely and responsibly."[1] On July 9, 2010, Mr. Koelkebeck filed Dr. Ross's statement with the circuit court.

On October 12, 2010, a hearing was held before the circuit court. The Director argued that Mr. Koelkebeck had not timely submitted a report that he was capable of safely operating a motor vehicle. Dr. Ross testified that he had seen Mr. Koelkebeck three times, including riding with Mr. Koelkebeck on a demonstration drive, and that he believed Mr. Koelkebeck to be a safe driver. On cross, the Director elicited that Dr. Ross had completed the statement on the first day he had seen Mr. Koelkebeck, though he was now his treating physician. The Director offered reports from Ms. Susan Dell White–Mr. Koelkebeck's daughter—and Dr. Richard Smith, stating that these were the reports on which the Department based its determination. These reports were not included in the record on appeal.

On October 18, 2010, the trial court entered judgment finding that Mr. Koelkebeck appealed from the Director's denial on July 6, 2010, and that this filing was untimely because it was "two days past the time limit set by statute." Mr. Koelkebeck moved for a new trial or to amend the judgment, arguing that because the petition was filed on July 6, 2010, it was within thirty days of "the date of denial on June 14, 2010." A hearing was held on December 9, 2010, and the motion was subsequently denied. Mr. Koelkebeck appeals.

**Standard of Review**

■ In a court-tried case, we will sustain the trial court's judgment unless "there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Pous v. Dir. of Revenue,* 998 S.W.2d 129, 131 (Mo.App. W.D.1999)

---

1. Mr. Koelkebeck's brief states that this statement was obtained on June 8, 2010. However, the Statement is dated July 8, 2010.

(citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

## Legal Analysis

In the sole point on appeal, Mr. Koelkebeck argues that the trial court erred in denying the petition: (a) because he submitted to an examination within ten days after the Department's correspondence stating that his license would be denied; or (b) in the alternative, because he appealed to the circuit court within thirty days after his license was denied.

Mr. Koelkebeck first argues that he submitted to an examination within ten days of the Department's correspondence. Even assuming that was the timeframe required by section 302.291,[2] which we question but do not address, Mr. Koelkebeck's brief misstates the record. The record unequivocally shows the Department's notice was dated June 4, 2010, and that Dr. Ross's examination was dated July 8, 2010, not June 8, 2010, as Mr. Koelkebeck's brief argues. Consequently, we reject his argument.

Second, Mr. Koelkebeck argues that his appeal to the circuit court was timely pursuant to section 302.311 because the statutory period began to run on the date his license was revoked.[3] He contends the petition, filed on July 6, 2010, was timely in that it was filed within thirty days of June 14, 2010. He contends the trial court erroneously used the date of the Department's correspondence, which was June 4, 2010, in finding that the petition was untimely.

The Department concedes that Mr. Koelkebeck's petition was timely filed, but asserts that it is not for the reason stated by Mr. Koelkebeck. The Department maintains that although June 4 was properly used in starting the thirty-day statutory period, July 4 and 5 were incorrectly included in the computation, according to Rule 44.01(a). Thus, the petition was filed

2. Statutory references are to RSMo 2000. Section 302.291 provides in relevant part:

1. The director, having good cause to believe that an operator is incompetent or unqualified to retain his or her license, after giving ten days' notice in writing by certified mail directed to such person's present known address, may require the person to submit to an examination as prescribed by the director. Upon conclusion of the examination, the director may allow the person to retain his or her license, may suspend, deny or revoke the person's license, or may issue the person a license subject to restrictions as provided in section 302.301. If an examination indicates a condition that potentially impairs safe driving, the director, in addition to action with respect to the license, may require the person to submit to further periodic examinations. The refusal or neglect of the person to submit to an examination within thirty days after the date of such notice shall be grounds for suspension, denial or revocation of the person's license by the director, an associate circuit or circuit court. Notice of any suspension, denial, revocation or other restriction shall be provided by certified mail. As used in this section, the term "denial" means the act of not licensing a person who is currently suspended, revoked or otherwise not licensed to operate a motor vehicle. Denial may also include the act of withdrawing a previously issued license.

. . .

10. All appeals of license revocations, suspensions, denials and restrictions shall be made as required pursuant to section 302.311 within thirty days after the receipt of the notice of revocation, suspension, denial or restriction.

3. Section 302.311 provides in relevant part:

In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked.

within thirty days of June 4, not thirty-two.

■ In his reply brief, Mr. Koelkebeck agrees with the Department's conclusion but asks us to still consider his original argument. Mootness may arise where the position of the parties so changes that the controversy ceases. *Lamar Co., LLC v. City of Kansas City*, 330 S.W.3d 767, 771 (Mo.App. W.D.2010). Because the Department concedes that Mr. Koelkebeck's petition appealing the Department's revocation of his license was timely filed, there is no justifiable controversy before us on that argument.

■ Moreover, even if we assumed that the thirty day time to appeal under section 302.311 began to run June 4, the date of the Department's correspondence requiring Mr. Koelkebeck to submit to an exam under section 302.291, rather than the date his license was revoked, the Department's analysis under Rule 44.01 is correct.

Rule 44.01 provides in relevant part:

(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

■ Monday July 5, 2010, was a legal holiday, which Rule 44.01(a) provides is not to be included when it is the last day of a prescribed period.[4] *See also Smith v. Dir.*

*of Revenue*, 179 S.W.3d 310, 312 (Mo.App. S.D.2005) (petition was timely filed under section 302.311 and Rule 44.01(a) when filed day after last day of statutory period, but last day of statutory period was legal holiday). Consequently, Mr. Koelkebeck's July 6, 2010, petition was timely, regardless of whether the statutory period began to run on June 4 or June 14. Therefore, we find the trial court erred in finding his petition untimely and remand for a hearing on the merits.

## Conclusion

For the foregoing reasons, we reverse and remand to the circuit court.

AHUJA, P.J., and WELSH, J. concur.

---

4. A legal holiday is "established by legal authority and characterized by legal restrictions on work and transaction of official business. [It] includes days when the clerk's office is legally closed." *Smith v. Dir. of Revenue*, 179 S.W.3d 310, 312 (Mo.App. S.D.2005) (internal quotation marks and citations omitted).