

# SUPREME COURT OF MISSOURI
## en banc

STATE EX REL. SCHWARZ PHARMA, INC.,   )
N/K/A UCB, INC.,   )
    Relator,   )
v.   )     **No. SC93516**
  )
THE HONORABLE DAVID L. DOWD,   )     **Consolidated with:**
    Respondent.   )


STATE EX REL. SCHWARZ PHARMA, INC.,   )
N/K/A UCB, INC.,   )
    Relator,   )
v.   )     **No. SC93517**
  )
THE HONORABLE DAVID L. DOWD,   )     **Consolidated with:**
    Respondent.   )


STATE EX REL. SCHWARZ PHARMA, INC.,   )
N/K/A UCB, INC.,   )
    Relator,   )
v.   )     **No. SC93520**
  )
THE HONORABLE DAVID L. DOWD,   )     **Consolidated with:**
    Respondent.   )

STATE EX REL. SCHWARZ PHARMA, INC.,   )
N/K/A UCB, INC.,   )
    Relator,   )
v.   )     **No. SC93521**
  )
THE HONORABLE DAVID L. DOWD,   )     **Consolidated with:**
    Respondent.   )

| | |
|---|---|
| STATE EX REL. SCHWARZ PHARMA, INC., N/K/A UCB, INC., | ) ) |
| Relator, | ) |
| v. | ) No. SC93522 |
| | ) |
| THE HONORABLE DAVID L. DOWD, | ) Consolidated with: |
| Respondent. | ) |
| | |
| STATE EX REL. SCHWARZ PHARMA, INC., N/K/A UCB, INC., and MUTUAL PHARMACEUTICAL COMPANY, INC., | ) ) ) |
| Relators, | ) |
| v. | ) No. SC93523 |
| | ) |
| THE HONORABLE DAVID L. DOWD, | ) Consolidated with: |
| Respondent. | ) |
| | |
| STATE EX REL. SCHWARZ PHARMA, INC., N/K/A UCB, INC., | ) ) |
| Relator, | ) |
| v. | ) No. SC93524 |
| | ) |
| THE HONORABLE DAVID L. DOWD, | ) |
| Respondent. | ) |

## ORIGINAL PROCEEDING IN PROHIBITION

*Opinion issued June 10, 2014*

In these seven proceedings, Schwarz Pharma, Inc. petitions this Court to issue its writs prohibiting the trial court from taking any action other than granting its motions to transfer venue of those actions from St. Louis city to St. Louis County. The motions assert that venue is not proper in St. Louis city and is proper in St. Louis County. Plaintiffs[1] do not contest the substantive claims made about the propriety of venue but

---

[1] Although the trial judge is nominally the respondent in a petition for a writ of prohibition, because the matter is briefed by counsel for plaintiffs and because it involves the timeliness of their service on defendant-relator Schwarz, for ease of understanding this Court will refer to respondent as "Plaintiffs."

rather argue that the motions to transfer venue were untimely because they were filed more than 60 days after the defendants were served.

This Court makes permanent its preliminary writs of prohibition. While the plaintiffs served the other defendants shortly after their original joint lawsuit was filed on February 22, 2012, the plaintiffs all failed to effect service of that or their amended petitions on defendant Schwarz until October 2, 2012. In the interim, the trial court had severed the various plaintiffs' actions, and Schwarz was not served with the petitions in the individual severed actions until October 4, 2012. Schwarz filed its motions to transfer venue in these seven individual actions on November 15, 2012, well within the 60-day period after service of any of the petitions in which motions to transfer venue must be filed. The trial court therefore erred in ruling that Schwarz's motions were untimely. Accordingly, the trial court lacked the authority to take any action other than to sustain Schwarz's motions to transfer venue.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On February 22, 2012, 90 plaintiffs filed a products liability action in the St. Louis city circuit court against 27 defendants, including Schwarz, in a petition styled *Anderson v. Wyeth LLC, No. 1222-CC00910* ("*Anderson* petition"). The plaintiffs twice amended the *Anderson* petition to include six additional plaintiffs. While it is not contested that the other defendants were timely served, the plaintiffs failed to serve Schwarz with the original or either amended petition.

In June 2012, the defendants moved to sever the other plaintiffs' suits from the *Anderson* suit. On August 8, 2012, the trial court agreed that the 96 plaintiffs were

misjoined under Rule 52.05. It issued an order severing the 95 plaintiffs other than the named plaintiff, Ms. Anderson. It gave each of these 95 plaintiffs 90 days to file individual petitions and directed that if they did so within that time period, they "need not serve new process" because the defendants would be the same in the newly filed individual suits and the order of severance constituted adequate notice of the filing of the new actions.

Schwarz had not been served with the *Anderson* suit by the time that severance of the individual actions was ordered in August 2012. Despite this order of severance, on October 2, 2012, Schwarz was served with the second amended petition in the *Anderson* action as if severance had not been ordered. The next day—October 3, 2012—the severed plaintiffs filed their individual petitions in the severed actions, and they timely served these petitions on Schwarz the following day, October 4, 2012. Because these writ proceedings involve only seven of these individual actions, the Court limits the remainder of its discussion to those seven actions.[2] All seven plaintiffs in the actions involved in these writ proceedings are represented by the same counsel.

Rule 51.045 governs transfer of a suit when venue is improper. Rule 51.045(a) provides that a motion to transfer venue "shall be filed within 60 days of service on the party seeking transfer." Schwarz and the other defendants filed their motions to transfer venue on November 15, 2012—42 days after Schwarz and the other defendants were

---

[2] It appears that this is also the date that these suits were filed by the plaintiffs in the other severed actions and that those actions either are proceeding or later were dismissed, removed to federal court or had been filed in other venues. These writ proceedings do not involve any of those actions.

4

served with the individual petitions in the severed actions and 44 days after Schwarz was first served with any petition in the former *Anderson* joint action.

The plaintiffs opposed the transfer of venue. Their written opposition did not contest the venue facts on which the motions to transfer venue were based but instead argued the 60-day time period for moving to transfer venue under Rule 51.045 already had run by the time defendants filed their motions on November 15, 2012. The defendants filed a reply arguing that they could file their motions up to 60 days after the plaintiffs filed their individual petitions on October 3, 2012.

The trial court held a hearing on the motions in January 2013. In addition to asserting the above arguments, Schwarz orally argued at the hearing that even if the other defendants' motions were untimely, Schwarz's own motions to transfer venue were timely because Schwarz did not become a party in any of the seven actions until either October 2, 2012, when it was served with the joint second amended *Anderson* petition, or October 4, 2012, when it was served with the petitions in the severed actions. In either event, service on Schwartz occurred fewer than 60 days prior to the date it filed its motions to transfer venue.

The trial court did not immediately rule, so, on April 3, 2013, Schwarz and the other *Anderson* defendants filed motions to enforce transfer under section 508.010.10, RSMo Supp. 2013, which provides that motions "to transfer based upon a claim of improper venue shall be deemed granted if not denied within ninety days of filing of the motion." On April 5, the trial court ruled that the motions were untimely under Rule 51.045(a) because they were not filed within 60 days of service of process of the

5

*Anderson* petition. In so doing, the court did not address Schwarz's individual argument that, unlike the other defendants, it was not served with *any* petition until October 2012. The court also held that, to the extent section 508.010.10 could be read to require a court to grant a motion to transfer venue after 90 days without regard to whether the motion was timely or whether venue was improper in the initial jurisdiction and proper in the proposed jurisdiction, it was inconsistent with Rule 51.045 and could not be followed.[3]

Schwarz and the other defendants sought writs of prohibition in the court of appeals, which denied relief. They then sought writs of prohibition in this Court. This Court issued its preliminary writs of prohibition in these seven actions as to defendant Schwarz only on August 13, 2013, pursuant article V, section 4 of the Missouri Constitution. Those writs are now made permanent.

## II. STANDARD FOR ISSUANCE OF WRIT OF PROHIBITION

Prohibition is a discretionary writ that only issues to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power. *State ex rel. McDonald's Corp. v. Midkiff, 226 S.W.3d 119, 122 (Mo. banc 2007).* When a timely motion to transfer venue is filed showing that venue is

---

[3] *See, e.g., Rule 41.02* (procedural rules promulgated by this Court pursuant to its constitutional authority under article V, section 5 to "establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, will "supersede all statutes and existing court rules inconsistent therewith")*; State ex rel. Union Elec. Co. v. Barnes, 893 S.W.2d 804, 805 (Mo. banc 1995)* ("if there is a conflict between this Court's rules and a statute, the rule always prevails if it addresses practice, procedure or pleadings")*; State ex rel. Collector of Winchester v. Jamison, 357 S.W.3d 589, 594 (Mo. banc 2012)* (to the same effect). The Court's rules only may be "annulled or amended in whole or in part by a law" enacted solely for that purpose. *MO. CONST. art. V, § 5; Barnes, 893 S.W.2d at 805; see also DAVID JACKS ACHTENBERG, Venue in Missouri After Tort Reform, 75 UMKC L.REV. 593, 660-62 (2007).*

improper, prohibition lies to bar the trial court from taking any further action except to transfer the case to a proper venue. *Id.*

## III. TIMELINESS OF SCHWARZ'S MOTIONS TO TRANSFER VENUE

In these original writ proceedings, Plaintiffs do not dispute that venue of the underlying seven actions is improper in St. Louis City, nor do they contest that venue of these actions is proper in St. Louis County.[4] It is uncontested that a newly joined defendant has the right to bring a timely motion to transfer venue even if the time for the other defendants to file a motion to transfer venue has expired. *Rule 51.045; § 508.012, RSMo Supp. 2013; see State ex rel. Linthicum v. Calvin, 57 S.W.3d 855, 858 (Mo. banc 2001)* (new period for seeking transfer begins to run upon addition of a new defendant). The question is whether Schwarz's motions to transfer venue were timely.

The timing of motions to transfer venue is governed by Rule 51.045, which states in relevant part:

> **(a)** Any motion to transfer venue alleging improper venue shall be filed within 60 days of service on the party seeking transfer. For good cause shown, the court may extend the time to file a motion to transfer venue or allow the party to amend it. Any motion to transfer venue shall:
>
> > (1) Specify one or more counties in which the movant contends venue is proper, and
> >
> > (2) State the basis for venue in each such county.

---

[4] Schwarz asserts, and Plaintiffs do not contest, that venue is proper in St. Louis County under either Missouri's general venue statute for tort claims, section 508.010.1, RSMo Supp. 2013, which governs if a corporation is a defendant and the plaintiff first was injured outside Missouri, or under section 347.069.2, RSMo 2000, which governs venue of limited liability companies. This Court, therefore, does not further address this issue.

If a motion to transfer venue is not timely filed, the issue of improper venue is waived.

If a timely motion to transfer venue is filed, the venue issue is not waived by any other action in the case.

**(b)** Within 30 days after the filing of a motion to transfer for improper venue, an opposing party may file a reply. For good cause shown, the court may extend the time to file the reply or allow the party to amend it.

The reply shall state the basis for venue in the forum or state reasons why venue is not proper in one or more counties specified by the movant. The court shall not consider any basis not stated in the reply, nor shall the court consider allegations relating to fictitious defendants. If a reply is filed, the court may allow discovery on the issue of venue and shall determine the issue.

**(c)** If no reply is filed, the court shall order transfer to one of the counties specified in the motion. If a reply is filed but the issue is determined in favor of the movant, the court shall order a transfer of venue to a court where venue is proper. When a transfer of venue is ordered, the entire civil action shall be transferred unless a separate trial has been ordered. If a separate trial is ordered, only that part of the civil action in which the movant is involved shall be transferred.

Schwarz argues that the 60-day period in which Schwarz was entitled to move for transfer of venue began to run on either October 2, 2012, when it was served with the *Anderson* petition, or October 4, 2012, when it was served with the individual petitions. Schwarz filed its motions to transfer venue on November 15, 2012, well within 60 days of either date. Accordingly, under Rule 51.045 Schwarz timely filed its motions to transfer venue.

Plaintiffs do not claim in this Court that Schwarz's motions were not timely, nor would they have a basis to do so in light of the fact that it is uncontested that they failed to serve Schwarz until October 2012. Further, although a record was not made of the

8

hearing on the motions in the trial court, the parties do not dispute that Schwarz did orally argue to the trial judge that its motions were timely due to the late service on it. Plaintiffs argue, nonetheless, that because Schwarz's original motions to transfer venue did not specifically include an explanation as to why they were timely brought and because such an explanation was not included in its reply briefs filed after the plaintiffs opposed transfer, Schwarz is precluded from now arguing that its motions were timely filed or that it is entitled to a writ directing the trial court to grant those motions.

Rule 51.045 contains no such requirement, however. It requires only that a motion to transfer venue: (1) "shall be filed within 60 days of service on the party seeking transfer …. [(2)] Specify one or more counties in which the movant contends venue is proper, and [(3)] State the basis for venue in each such county." *Rule 51.045(a).* This Court rejects Plaintiffs' attempt to add to this rule the additional—and unsupported— requirement that the motion to transfer venue specify why it is timely brought.

Moreover, Rule 51.045 also states:

If a motion to transfer venue is not timely filed, the issue of improper venue is waived.

If a timely motion to transfer venue is filed, the venue issue is not waived by any other action in the case.

*Rule 51.045(a).* For this reason, this Court also rejects Plaintiffs' argument that Schwarz's failure to explain in its written motions why the motions were timely precludes it from now arguing that the motions were timely filed or constitutes a waiver of Schwarz's right to argue that the trial court erred in overruling its motions to transfer venue.

9

Likewise, this Court rejects Plaintiffs' alternative argument that Schwarz was required to raise its individual timeliness argument in a written reply once the plaintiffs filed their written opposition arguing that all the defendants' motions were untimely. Rule 51.045 does not require the moving party to file a reply of any kind. Consequently, the contents or omissions of such a discretionary filing could not constitute a waiver of any arguments that Schwarz otherwise might have in support of a change in venue.

Because Schwarz's motions to transfer were timely filed and it is uncontested that Schwarz showed venue was improper in St. Louis City and proper in St. Louis County, the trial court was required by law to sustain the timely filed motions and lacked authority to do anything to the contrary.[5]

Anticipating this result, Plaintiffs argue that if this Court concludes that the trial court erred in overruling Schwarz's motions for transfer, this Court should direct the trial court to transfer only the portion of the actions against defendant Schwarz. In other words, they suggest that there should be two identical sets of actions proceeding in parallel fashion, one by these seven plaintiffs in St. Louis City and another based on the same causes of action by these same seven plaintiffs in St. Louis County. This argument also is not well-taken. Such splitting of a cause of action into two separate proceedings would be duplicative and potentially could lead to inconsistent results. This Court declines to order such a separate and duplicative trial. Rule 51.045(a) provides that

---

[5] While Schwarz at times seems to suggest that improper venue deprives a court of jurisdiction, it has been recognized since at least *State ex rel. DePaul Health Center v. Mummert, 870 S.W.2d 820, 822 (Mo. banc 1994)*, that venue is not jurisdictional.

"[w]hen a transfer of venue is ordered, the entire civil action shall be transferred unless a separate trial has been ordered."

## IV. CONCLUSION

Schwarz's timely filed motions to transfer venue demonstrate that venue was improper in St. Louis City. The trial court was required by law to sustain the timely filed motions. This Court makes permanent its preliminary writs as modified to the extent of ordering the trial court to take no action other than to sustain Schwarz's motions to transfer venue.

_____
**LAURA DENVIR STITH, JUDGE**

All concur.

11